In the Matter of the Application of MINNIE E. V. RILEY and MARSHALL L. SEATON, Respondents, for the Removal of DENNIS G. HOMAN, Appellant.— Final order of the County Court of Suffolk county, in a summary proceeding brought by landlords to oust a tenant from possession and for a judgment for unpaid rent, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

In the Matter of the Application of WILLIAM E. TOWNE, Petitioner, against EUGENE SHERK and Others, Constituting the Board of Zoning Appeals of the Village of Floral Park, and EDWARD J. ROCK, as Secretary of Said Board of Zoning Appeals, Respondents, for an Order Pursuant to Article 78 of the Civil Practice Act to Review the Determination and Action of the Said Board of Zoning Appeals in Reversing the Determination of the Village Clerk of the Village of Floral Park and Directing the Issuance of a Permit to PHILIP EHRHART and JACOB WICKS on an Appeal from the Determination of Said Village Clerk. PHILIP EHRHART and JACOB WICKS, Intervenors, Respondents.— In a proceeding under article 78 of the Civil Practice Act to review a determination of the board of zoning appeals of the village of Floral Park, determination modified by directing the village clerk to issue to the intervenors-respondents a building permit under article VIII, section 39, of the Building Zone Ordinance of the Village of Floral Park. As so modified, the determination is unanimously affirmed, without costs. The application, dated May 18, 1938, is to be deemed an application for a building permit under the Building Zone Ordinance, as well as for a permit to operate the bowling alleys under Ordinance No. 46 of the Village of Floral Park. The letter of the village clerk was in effect a denial of the application for both permits, and was so regarded by the intervenors-respondents. The board of zoning appeals, therefore, had jurisdiction to entertain an appeal from so much of the ruling as related to the building permit. The finding that the second floor area was originally arranged or designed for bowling alleys, and that, consequently, the intervenors-respondents were entitled to extend their lawful non-conforming use to that area, as provided by article V, section 20, of the Building Zone Ordinance, was not against the weight of evidence. We modify the determination in order to prevent any possible claim that the board of zoning appeals has undertaken to reverse the ruling of the board of trustees with respect to the permit under Ordinance No. 46. It appears that a separate proceeding to review that ruling is now pending in the Supreme Court. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

KATHARINE L. KRAFT and KATHERINE M. HUBBARD, Respondents, v. F. S. NEILL, INC., Appellant, and Others, Defendants.— Judgment confirming the report of an official referee and directing the entry of judgment for deficiency in favor of the plaintiffs and against the defendant F. S. Neill, Inc., unanimously affirmed, with costs. Appeal from the decision and from the report of the official referee dismissed. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.