Howard T. Hogan, J.
Petitioner is the owner of certain real property on the south side of Mishaupan Place in the village of Bayville, Nassau County. She brings this proceeding pursuant to article 78 of the Civil Practice Act to review the determination of the respondent Zoning Board of Appeals of said village, which reversed a ruling of its building inspector denying one Dorothy M. Morgenthaler (hereinafter designated as the intervener) a permit to erect a dwelling on property owned by her and situated immediately adjacent to petitioner’s property on the east. The board granted said permit although the intervenor’s property, having a frontage of but 40 feet, lay in a residential zone wherein the minimum frontage requirement, fixed in 1927, was 50 feet. In reversing the ruling appealed 'from it based its decision “ on the grounds that the plot was in existence at the time of the adoption of the Ordinance.” Section 6 of article V of the ordinance adopted in 1927 read as follows: “No building shall be erected on any plot which has a frontage of less than fifty (50) feet, with this exception, however, that a building may be erected on a plot of less than fifty (50) feet frontage provided said plot was in existence at the time of the adoption of this ordinance and not immediately adjacent to other frontage under the same ownership, and provided that said building conforms to the other requirements o'f this ordinance.”
In 1945 this section was amended to read as follows: “No building shall be erected on any plot which has a frontage of less than fifty (50) feet and a superficial area of 5000 square feet, with this exception, however, that a building may be erected on a plot of less than fifty feet frontage provided said plot was in existence at the time of the adoption of this ordinance and not immediately adjacent to other frontage under the same ownership, and provided that the superficial area is not less than 4000' square feet and said building conforms to other requirements of this ordinance.”
The section was again amended on May 29, 1948 by the deletion of the words “and not immediately adjacent to other frontage under the same ownership.”
The subject property was delineated for the first time on a map known as “Map of Nunnakoma Park”, which was filed with the clerk of Nassau County in 1924. It was laid out as a *924 rectangular parcel on the eastern boundary of said map, with a north-south dimension of 1,250 feet, more or less, and a width of 40.04 feet, and was designated as Plot “C”. Its northern end fronted on the south side of a map street known as Mishaupan Place, which street had a total length of 240 feet, terminating at the eastern boundary of said Nunnakoma Park.
Petitioner concedes in her brief that in 1926, Plot “C” was conveyed by the developers into separate ownership and thereafter, the original zoning ordinance (supra) was enacted. In 1928 the petitioner herein acquired all of the remaining frontage on the south side of Mishaupan Place, thus making it impossible for the owner of Plot “C” to increase its frontage thenceforth.
In 1940, Dunstable Corporation acquired Plot “C”, together with a parcel of unmapped property contiguous on the east. The latter property, being outside Nunnakoma Park, had no frontage on Mishaupan Place.
In 1943 the southern portion of Plot “C”, together with additional mapped property, came into the ownership of one Kelly, and in 1946 the remainder, the northern end of Plot “C”, having a north-south dimension of 255 feet, was conveyed by Dunstable Corporation to the intervenor’s immediate predecessor in title. She acquired this parcel from him in 1953, and, as aforesaid, applied for a building permit in 1955.
The petitioner’s position appears to be that the intervener is now precluded from erecting a dwelling on her property unless and until she obtains from the Zoning Board of Appeals, a variance of the frontage requirements of the present ordinance.
It must be conceded that the action of the board now under review was not the granting of a variance because of hardship, but its reversal of a supposedly erroneous ruling of the building inspector who had declined to issue a permit on the ground that the intervenor’s frontage was insufficient. Intervenor’s counsel stated on several occasions that he was not seeking a variance; further, the board “granted permission to construct a new dwelling on property narrower than required by Ordinance V, Article 6 of the Zoning Ordinance on the ground that the plot was in existence at the time of the adoption of the ordinance.”
The court accepts this somewhat equivocal decision as an interpretation of the ordinance which would entitle the intervener to a permit as a matter of right.
The petitioner’s first objection is based upon her contention that the Board of Appeals has no power to overrule the building-inspector on a matter of interpretation of an ordinance. The court disagrees with this. Section 179-b of the Village Law states in part: “Such board of appeals shall hear and decide *925 appeals from and review any order, requirement, decision or determination made by an administrative official charged with the enforcement of any ordinance adopted pursuant to this act. * * * The board of appeals may reverse or affirm, wholly or partly, or may modify the order, requirement, decision or determination appealed from and shall make such order, requirement, decision or determination as in its opinion ought to be made in the premises and to that end shall have all the powers of the officer from whom the appeal is taken.” This is precisely what the respondent board has done.
In Matter of Kalen v. Amato (248 App. Div. 777) it was said: “In our opinion, the board of trustees was without power or jurisdiction to review the acts of the administrative body granting the permit, as that power is vested exclusively in. the hoard of appeals.” (See, also, Matter of Towne v. Sherk, 257 App. Div. 983; Matter of Edward A. Lashins, Inc., v. Griffin, 132 N. Y. S. 2d 896.) Insofar as Matter of Foss v. Town of Oyster Bay (146 N. Y. S. 2d 582) cited by the petitioner, may be in conflict, this court declines to follow it.
Petitioner objects further to the ruling of the board on the ground that the intent of the ordinance was to protect only the persons who owned this parcel at the time of the adoption of the ordinance and that the exemption was not to continue in perpetuity.
Zoning ordinances, being in derogation of the common law, must be strictly construed (Matter of 440 East 102nd St. Corp. v. Murdock, 285 N. Y. 298, 304; Blatter of Monument Garage Corp. v. Levy, 266 N. Y. 339, 344).
A literal application o‘f either the present or the earlier ordinances to the subject premises shows that in any event they have an area in excess of 4,000 square feet (10,200 square feet), that they were in existence as a distinct and separate plot since 1924 (three years prior to the adoption of the original ordinance), that they were in separate ownership since 1926, and that at no time since 1926 were they adjacent to other frontage under the same ownership. This is strict compliance with every condition imposed. The court may not now read into the ordinance an unexpressed intent which would impose a further restriction upon the use of the intervenor’s property.
A further problem arises, however. The exemption from the 50-foot frontage requirement attached to Plot “C” whereas the intervenor purchased only a portion of the original plot. This portion retained the maximum possible frontage^ and, having a depth of 255 feet, more than satisfied the minimum area requirement. The court finds that under the circumstances *926 it would be unreasonable in the extreme and serve no useful purpose to condition the use of this property upon the retention o'f the original depth of 1,250 feet when the plot is but 40 feet in width.
It appears further that between the denial of her application by the building inspector and the hearing by the respondent board, the intervenor acquired an additional parcel of land immediately east of the mapped area, contiguous for part of its length with the easterly side of her original plot, and for the rest of its length, with the easterly terminal line of Mishaupan Place. Thus the intervenor is presently the owner of a single, irregular parcel which abuts for 40 feet on the south line of Mishaupan Place, and for an additional 40 feet along the entire width of said street. Whether or not this latter 40 feet may be considered additional frontage, so as to give her a total of 80 feet, presents an interesting question, but one which, in view of the foregoing, need not be passed upon at this time.
Accordingly, the determination of the respondent Zoning Board of Appeals is affirmed and the petition is dismissed, without costs.