Mario Pittoni, J.
This is a petition under article 78 of the Civil Practice Act to review the adverse determination of the board [Board of Zoning Appeals of the Town of Hempstead, Nassau County] respecting the erection of a building upon lots 5 and 6 in a certain area in Elmont, New York. This followed a previous denial of a building permit by the Building Department of the town. The reason given for the refusal is that the individual owner of lots 5 and 6 is also a “ common owner ” of adjacent lots 3 and 4 by reason of his ownership with his wife, i.e., an estate by the entirety. That is the only issue raised in this proceeding. In other words, the board contends that lots 5 and 6 cannot get the benefit of the exception in the *621 Town Ordinance which permits the erection of buildings on plots smaller than required by the ordinance, and existing before the ordinance, because 5 and 6 are now allegedly owned by the same person who owns 3 and 4.
The whole case then depends on the narrow question: Is property owned outright by A in “ common ownership ” with property owned by A and his wife, i.e., “ an estate in entirety ”; or are they “ under different ownership? ”
The ordinance does not define or explain its language “ common ownership” or “different ownership”. Nor have the attorneys been able to offer much authority to clarify their meanings. The ordinance thus includes terms which appear vague and indefinite. It may be said that the failure in the ordinance to set forth a sufficiently clear standard by which a person is deprived of reasonable use of his property is in violation of the due process clauses of our Constitutions. Then too, it must be kept in mind that a building zone ordinance should be strictly construed against the prohibition of an otherwise lawful use.
Be that as it may, let us now examine the differences or resemblances, if any, between individual ownership and ownership ‘ ‘ by the entirety. ’ ’
The court has been supplied with the definitions of “an estate by the entirety” in Hiles v. Fisher (144 N. Y. 306); Bertles v. Nunan (92 N. Y. 152); Matter of Maguire (251 App. Div. 337 [2d Dept.]) and other cases. However, the most complete single exposition as to the meaning and effect of such an estate is found in Walsh, The Law of Property (2d ed., §§ 203, 205). An excerpt from section 203 is as follows: “§ 203. Nature of Estates in Entirety. — A conveyance or devise of real property to two persons who are married to each other at the time of the conveyance creates an estate in entirety. The conveyance is to the unity of husband and wife. They hold as one person, each being entitled to the equal enjoyment and possession of the property with the other as a member of the unity. The four unities of time, title, interest and possession must be present, as in the case of a joint tenancy, and in both classes of estates they must take by purchase, viz.: by deed or will, and not by inheritance. The right of survivor-ship exists between them, since the estate belongs to the unity, and therefore continues in the survivor as the surviving member of the unity. These estates differ from joint tenancies in that the right of survivorship cannot be defeated bv any conveyance which either party may make. The reason for this rule is that neither party has an interest that can be conveyed. *622 The estate is held by the legal unity absolutely, and therefore neither party has any individual interest other than the right to a share in the possession and the rents and profits. If the husband conveys or mortgages his interest it will be valid only as covering his share of the rents and profits during the joint lives of himself and his wife. If the husband die first his deed or mortgage is void as against the wife, who becomes sole owner by survivorship.”
These are far different incidents of ownership from those of individual or absolute ownership or title. In the case of individual ownership, except for limitations of law or by the State, the owner has full control over the incidents of ownership.
It cannot be said therefore that lots 5 and 6 are in ‘1 common ownership ” with 3 and 4. They are “ under different ownership.” Since only this one issue was raised on the argument and in the documents, the decision is based solely on this one issue.
Therefore, under the ordinance, there is a right to erect a building on lots 5 and 6. No variance is necessary. Any contrary determination is annulled. If other proper conditions are complied with, the Building Department of the Town of Hempstead is directed to issue a building permit.
Settle order on notice.