Howard T. Hogan, J.
Petitioner proceeds under article 78 of the Civil Practice Act to review the refusal of the respondent Board of Zoning Appeals to permit it to erect a one-family dwelling on a sub-standard plot having a frontage of 40 feet and a depth of 110 feet, designated on the Land and Tax Map of Nassau County as lots 51 and 52. The property lies in a Residence “ B ” district of the Town of Hempstead. The minimum lot dimensions required in such a district prior to 1951 were a front width of 40 feet and an area of 4,000 square feet. The present requirements are a minimum front width of 60 feet and an area of not less than 6,000 square feet.
Petitioner is a contract vendee. The present owner is, together with his wife as tenants by the entirety, the owner of another parcel consisting of three lots designated as lots 53, 54 and 55, improved with a one-family dwelling, title to which they acquired in November, 1947. This parcel abuts the subject property, sole title to which the present owner acquired in August, 1948.
Petitioner applied for a building permit which was denied by the Building Inspector, apparently oh the ground that the plot upon which he proposed to erect his house was sub-standard, and that since it was under the same ownership as the adjoining parcel, it was not entitled to the exemption from the area *377 provisions of the Zoning Ordinance enjoyed by parcels held in single, separate ownership from a date prior to the amendment which would otherwise make them sub-standard.
It then appealed to the Board of Zoning Appeals from such ruling. Although it characterized its application as one for a variance, it appears rather to be an appeal from the Building Inspector’s interpretation of the ordinance and the applicable law of the State. The court will treat it as such, since the proof was not aimed at establishing the grounds for a variance. (Matter of Flanagan v. Zoning Bd. of Appeals, 2 Misc 2d 922, affd. 1 A D 2d 979.)
Simply stated, the issue is: Does the owner of lots 51 and 52 become the ‘ ‘ common owner ’ ’ of lots 53, 54 and 55 by reason of the fact that he holds these latter three lots with his wife as tenants by the entirety? If he does not, then he is entitled to a building permit to erect a house on lots 51 and 52, absent other circumstances which are not advanced by the respondent (Matter of Waldorf v. Coffey, 5 Misc 2d 80).
Mr. Justice Pittoni has recently passed upon this precise question in Matter of Barbara Homes v. Michaelis (14 Misc 2d 620, 622) holding that under such circumstances the properties are ‘ ‘ under different ownership. ’ ’ The court adopts that ruling. Accordingly, the petition is sustained and the respondent Building Inspector is directed to issue a building permit to the petitioner.
Order signed.