Thomas P. Farley, J.
This is an article 78 proceeding to review a determination of the Zoning Board of Appeals refusing to permit the petitioners to erect a one-family dwelling on a plot having what respondents contend to he a substandard frontage. The respondent Zoning Board has, by cross motion pursuant to section 1293 of the Civil Practice Act, interposed objections in point of law addressed to the sufficiency of the petition.
Petitioner is the contract vendee of premises designated on the Land and Tax Map of Nassau County as Lot 47 in section 51, block 532, which are situate in a Residence “ B ” district in the Town of Hempstead at North Bellmore and which have a frontage on Norwood Avenue of 41.04 feet and a lot area of over 6,000 square feet. The applicable provision of the Building Zone Ordinance of the Town of Hempstead (§ B-10.1, eff. Oct. 25, 1957) reads as follows: “ See. B-10.1. In a ‘ B ’ Residence District no building shall be erected or altered on a lot or plot having an area of less than 6,000 square feet and a width of less than 55 feet at the required front setback line. The maximum lot or plot width or area regulations herein set forth shall not apply to any lot or plot having an area and/or width of less than that prescribed herein, provided such lot or plot has an area of at least 4,000 square feet and was under different ownership from that of any adjoining land on the effective date of this section and provided further that such lot or plot and any *864 adjoining land did not come into common ownership since the effective date of this section.” (Emphasis supplied.)
Petitioner was denied a building permit for failure to meet either the 55-feet requirement or to come within the single and separate ownership exception contained in the ordinance.
Concededly, the subject parcel is only a portion of a larger, irregularly shaped parcel which has been in single and separate ownership since September 16, 1957, a date prior to the effective date of the aforesaid ordinance. The contract vendor is retaining ownership of the balance of the parcel which is situated to the rear of the subject parcel and is improved by an existing one-family dwelling fronting on Coral Court, and which, though severed, will still continue to conform in all respects to the zoning ordinance.
It is respondent’s contention on this cross motion to dismiss the petition that the proposed division of the original parcel operates to take the subject parcel out of the single and separate ownership exception clause in the ordinance. The court does not so interpret the ordinance. The original parcel1 (as of Sept. 16, 1957) had only 41.04 feet frontage on Norwood Avenue and maintained this same width for a distance of 106 feet back from the street at which point it widened. The depth of the original property was 249 feet. The division of the parcel only reduces its depth (106 feet on the westerly line; 176 feet on the easterly line) and over-all area which is still sufficient to satisfy the requirements of the ordinance. As petitioner aptly points out in his brief, even if the rear parcel consisted of 50 acres, this would not enhance the width of the lot as it fronts on Norwood Avenue. Under these circumstances, it would be unreasonable and serve no useful purpose to condition the use of this property upon the retention of the original depth. (Matter of Flanagan v. Zoning Board of Appeals of Vil. of Bayville, 2 Misc 2d 922, affd. 1 A D 2d 979). Both Matter of Fina Homes v. Young (7 N Y 2d 845) and Matter of Chasanoff v. Silberstein (6 N Y 2d 807), relied upon by respondent, are distinguishable on their facts.
Accordingly, the respondent’s cross motion to dismiss the petition is denied, with leave to them to serve an answer within 10 days after the service upon the respondent of a copy of the order to be entered hereon with notice of entry thereof.