■ In the Matter of MARTIN F. HASSETT, Respondent, v. LEONARD L. HORN et al., Constituting the Board of Appeals of the Town of Huntington, Appellants.— Appeal from a judgment of the Supreme Court, Suffolk County,

dated June 30, 1966, which (1) annulled the determination of the Board of Appeals of the Town of Huntington sustaining the denial by the town's Director of the Department of Building and Housing of petitioner's application for a building permit and (2) directed the board to issue such permit for a building to be used "for the sale at retail of tires and tubes, and the installation thereof, home and automotive supplies and furnishings, appliances, tools, toys, and gardening and recreational goods, and as an incidental and/or accessory use to the foregoing, service for automotive wheel alignment and balancing, sale and installation of shock absorbers, relining of automotive brakes, and installation of mufflers". Judgment affirmed, without costs. Petitioner's premises are located in a "General Business District" in which permitted uses, under the town's Building Zone Ordinance, include a "Retail store" and "Accessory use on the same premises with, and clearly incidental to any of the above permitted uses" (art. VI, § 2, subds. [g], [q]). The application for the building permit was denied by the Department of Building and Housing on the ground, in effect, that the accessory use which was sought was for a "motor vehicle repair shop" which required a special exception permit from the Board of Appeals, under article V (§ 1, subd. C) of the Zoning Ordinance. After a hearing on petitioner's application for such a permit, the board denied the application on a number of grounds not here material. In our opinion, the proposed accessory use sought by petitioner was one which was "clearly incidental to" the permitted retail use and petitioner was therefore entitled to the building permit as a matter of right. The uncontradicted proof before the board was to the effect that 95% of the customers using the service area would do so in connection with the installation of automotive supplies and equipment sold on the premises at retail, and that there would be no collision work, engine work, transmission work, or body or fender work. A "zoning ordinance, being in derogation of the common law, must be construed strictly against the municipality" (*Matter of Glenel Realty Corp.* v. *Worthington*, 4 A D 2d 702, 704); and, on the record presented, we are of the opinion that the proposed accessory use was not for a "motor vehicle repair shop" within the meaning of article V (§ 1, subd. C) of the Zoning Ordinance. We are also of the opinion that petitioner's claim to the building permit as a matter of right was sufficiently presented at the hearing before the board; and the board had jurisdiction to determine that question as on an appeal from the decision of the Director of the Department of Building & Housing (Town Law, § 267; cf. *Matter of Flanagan* v. *Zoning Board of Appeals of Vil. of Bayville*, 2 Misc 2d 922, affd. 1 A D 2d 979). Brennan, Rabin and Benjamin, JJ., concur; Christ, Acting P. J., and Martuscello, J., dissent and vote to reverse the judgment and to confirm the determination of the Board of Appeals, with the following memorandum: In our opinion, the accessory use sought by petitioner is for a "motor vehicle repair shop" which, under article V (§ 1, subd. C) of the Zoning Ordinance, requires a special exception permit from the Board of Appeals (cf. *Matter of Posner* v. *Wohlpart*, 19 N Y 2d 772; *People ex rel. Natale* v. *Murdock*, 299 N. Y. 637; *Matter of Hartnett* v. *Segur*, 21 A D 2d 132). The proposed service area would have 5 double bays, which would constitute 10 service places, and there would be 14 parking spaces for customers. In view of the projected extent of use of the service area, it would appear that the retail store will be an adjunct to the repair shop, instead of vice versa. In any event, the proposed use may well destroy the character of a business section intended for retail selling. That not all kinds of repairs will be made there, but only the certain specified ones, will not make it any the less a motor vehicle repair shop. Neither, in our opinion, will the fact that

replacement parts will be furnished or sold in connection with the repairs. In passing upon the application for such special exception permit, the board was required to deny the same unless it should first determine that the application complies with the standards prescribed by article IX of section 6 of the ordinance. And in determining whether it would serve the public interest and general welfare to grant a variance or special exception, as required by said provision, the board could consider the fact that the proposed use will not be allowed in the area when the town's master plan is implemented, although an unconditionally permitted use is not subject to such consideration (cf. *Matter of Fornaby* v. *Feriola*, 18 A D 2d 215). Since there was substantial evidence to support the board's findings that the prescribed standards would not be met, in that the planned future development of the area is for residential purposes and the proposed use would create traffic hazards, its action was not so illegal, arbitrary or an abuse of discretion as to justify interference by the courts (cf. *Matter of Lemir Realty Corp.* v. *Larkin*, 11 N Y 2d 20; *Matter of Kropf* v. *Brooks*, 17 A D 2d 829; *Matter of Texaco, Inc.*, v. *Segur*, 24 A D 2d 692).