Frank A. Gulotta, J.
This is an article 78 proceeding to review the revocation of a building permit issued to the petitioners on March 10, 1959 and thereafter revoked on April 12, 1959 by a newly appointed Building Inspector, after petitioner *458 has all but completed a house pursuant to the permit, at a cost in excess of $20,000.
The alleged grounds for the revocation are false and misleading statements made in the application for the permit, of which there is not a scintilla of proof in the record and violation of the Building and Zoning Ordinance, which will be treated with in detail later.
To sustain the charge of falsity, as a typical example respondent relies on the failure to fill in an answer to Question 10 on the application, viz.: In what zone are the premises situated? If the new Inspector was really puzzled by this, all he had to do was ask petitioner to complete it, or better still look at the village zoning map.
Question 8 is another example — here petitioner designated the front and rear of the house as 42 feet and the depth as 33 feet, which was inaccurate since the dimensions are actually reversed, but in the next question, No. 9, he correctly shows the lot to be 50 feet front by 100 feet deep, and on the same page the plot diagram shows the correct position of the house, with the depth of the house corresponding to the depth of the lot, so the error is obviously an innocent mistake which deceived no one.
There is here a complete failure to show any fraud or deliberate misrepresentation of a material fact by the petitioner, that would justify the drastic action taken by the village. (City of New York v. Caulwal Constr. Co., 261 N. Y. 578, affg. 235 App. Div. 682.)
As to the claimed violation of the Zoning Ordinance, we approach this problem with the settled principle in mind, that such restrictions on the use of private property, being in derogation of the common-law right to use one’s property as he pleases, must be strictly construed against the village. (Matter of Monument Garage Corp. v. Levy, 266 N. Y. 339.)
The premises involved in this proceeding are situated on the northwest corner of Cambridge Avenue and Linwood Road of Manorhaven, streets which have different established grades. To sustain the charge that the building violates height restriction, the village simply computed the height from the least favorable grade, to wit, Linwood Road. However, since the Zoning Code in section 1 of article XI provides: ‘ ‘ All heights heretofore mentioned should be measured from the established grade of a street ” (emphasis mine), the petitioner was within his rights in using Cambridge Avenue for this purpose, and it is conceded that there is no height violation when this is done.
*459 The alleged area violation apparently is something which the Zoning Board decided to include in its findings for good measure, after the hearing was completed and outside the record. In its computation of the area of the building proper at 1,413 square feet, the court does not agree with its arithmetic. .Computing this at the nearest whole foot measurement, 42 feet by 33 feet, the result is 1,386 square feet.
As to the conclusion that the open porch violates the setback restriction, this would seem to be contra to section 5 of article XIII of the ordinance, which permits an uncovered porch to extend 10 feet into the front yard, and this porch is both open and less than 10 feet deep.
The attention of the court has not been called to any provision of the ordinance which prohibits the utilization of the area under the porch for garage space, and for reasons heretofore indicated, the board is not at liberty to improvise new restrictions in the middle of a litigation.
The feared use of the premises as a three-family house finds no support in the record, and should it be attempted in the future, there are more than enough remedies to cope with it. Certainly this apprehension forms no basis for interfering with vested rights under an existing permit, validly issued.
Since there are no questions of fact to be considered, the court may dispose of this matter by a mandamus order, without the necessity of a further hearing. (Matter of Glenel Realty Corp. v. Worthington, 4 A D 2d 702.)
The determination of the Zoning Board is annulled and respondents are directed to reinstate the building permit, upon the filing by the petitioner of a certificate to the effect that the building will be occupied by not more than two families.
Settle order.