In the Matter of SETAUKET DEVELOPMENT CORP., Petitioner, *v.* THOMAS A. ROMEO et al., Constituting the Board of Zoning Appeals of the Town of Brookhaven, et al., Respondents.

Supreme Court, Special Term, Queens County, July 5, 1962.

502

*Avstreih, Martino & Weiss* (*David Avstreih* of counsel), for petitioner. *Schmidt & Fechter* (*Lincoln G. Schmidt* of counsel), for respondents.

ANTHONY M. LIVOTI, J. This is a proceeding brought pursuant to article 78 of the Civil Practice Act to review and annul the determination of the denial of two special use permits of the Board of Appeals of the Town of Brookhaven, the respondents herein, in accordance with article XI-A (§ 1150, subd. C) of the Building Zone Ordinance of the Town of Brookhaven, for the construction, erection, operation and occupancy of an indoor theatre and for the construction, erection, operation and occupancy of a bowling alley, upon the grounds that denial by respondents of both applications is illegal, invalid, arbitrary, capricious and unreasonable, and that the recent amendment to the said Building Zone Ordinance be declared unconstitutional as confiscatory, and directing the issuance of such permits.

Prior to October 23, 1961, the said Building Zone Ordinance permitted the construction of theatres, bowling alleys and shopping centers in a "J" Business 2 District (General Business) without authorization by special use permit from respondent. In August, 1961, the said Building Zone Ordinance was amended to prohibit all such bowling alleys and theatres except when authorized by special permit from the Board of Appeals, "*provided, however, that they shall not be all or part of a Commercial Center.*" (Italics added.)

The operative sections of article XI-A, "J" Business 2 District (General Business), of said Building Zone Ordinance, as amended, reads as follows:

"SECTION 1150—PERMITTED USES

"In 'J' Business 2 District, no building, structure, or premises shall be used or occupied, and no building or part thereof or other structure shall be erected or altered, unless otherwise

provided in this Ordinance, except for one or more of the following uses:

" A. PERMITTED PRINCIPAL USES

" 1. All principal uses permitted and as regulated in ' J ' Business 1 District.

" 2. Shops and stores for the conducting of wholesale business, provided, however, that they *shall not be all or part of a Commercial Center.*

" 3. Shops for custom work and for making articles to be sold at retail on the premises, provided, however, that they *shall not be all or part of a Commercial Center.*

\* \* \*

" C. USES PERMITTED WHEN AUTHORIZED BY SPECIAL PERMIT FROM THE BOARD OF APPEALS

\* \* \*

" 2. *Assembly halls, theatres other than open-air or drive-in theatres, and bowling alleys provided, however, that they shall not be all or part of a Commercial Center."* (Italics added.)

Section 100 of the said Building Zone Ordinance, as amended August 8, 1961 (Definitions), states: " 10. COMMERCIAL CENTER: Any building or buildings, structure or structures, or premises used by one or more enterprises for a commercial purpose specifically permitted within the particular use district in which this term is applied, *where the proposed use occupies a site of two (2) or more acres,* or where the total floor area of the buildings or structures is fifteen thousand (15,000) square feet or more, in each case whether built at one time as a unit or in two or more construction stages." (Italics added.)

It should be further noted that section 1152 of said Zoning Ordinance, since 1956 and to date, reads as follows:

" SECTION 1152 — BUILDING AREA

" In the ' B ' Business 2 District, the total building area shall not exceed fifty (50) per cent of the total lot area."

Petitioner is the owner of a parcel of land situate on the south side of Route No. 25-A, New York State Highway in the unincorporated area of the Town of Brookhaven known as East Setauket, Suffolk County, consisting of an area in excess of 10 acres, since July, 1956. Petitioner's premises, since 1956, have been continuously zoned as " J " Business 2 District.

On May 16, 1962, petitioner made applications for two special use permits pursuant to article XI-A (§ 1150, subd. C) for a theatre and for a bowling alley to be erected on part of the premises herein described.

On June 7, 1962, after proper notice given in accordance with section 1503 of article XV of the said ordinance, a public hearing was held and directly after the said hearing, on the same evening, the respondents denied the applications upon the sole ground that they are of the opinion that they do not have jurisdiction to grant the said special use permits because the petitioner's property consists of 10 acres; thus, *the petitioner's site is in excess of 2 acres in size* and the proposed bowling alley building and proposed theatre building are in excess of 15,000 square feet and might become a part of a " COMMERCIAL CENTER " which might be in violation of the said recent zoning amendment (art. XI-A, § 1150, subd. C, par. 2).

Without analyzing in detail the allegations of the petition, the court finds the following: (1) Paragraphs " First ", " Second ", " Third " and " Fourth " of respondents' answer to the petition are without merit. The petition is dated and verified June 9, 1962, and contains facts sufficient to support the relief demanded therein. (2) Paragraph " Fifth " of respondents' answer admits that the petitioner is the owner of the property described in Paragraph " First " of the petition, but incorporates new matter which is not contained in the petition, and which is controverted by petitioner's reply affidavit submitted pursuant to sections 1292 and 1294 of the Civil Practice Act (*Matter of Restivo* v. *Degnam,* 191 Misc 642, 646; *Matter of Moreland* v. *Areson,* 19 Misc 2d 385) to the effect that the matter contained in paragraph " Fifth " of respondents' answer is not germane to the issue herein and should be disregarded. The said objection is well taken. Introduction of new matter in a specific denial not germane to the issues is improper. Thus, paragraph " Fifth " of the answer must be stricken except for the admission. Moreover, it is admitted by respondents' answer that said property has always been zoned " J " Business 2 District of the Building Zone Ordinance of the Town of Brookhaven, and that prior to October 23, 1961, the construction of theatres, bowling alleys and shopping centers was permitted without any further authorization by special use permit from the respondents; petitioner filed two applications with respondents for two special use permits together with filing and advertising fees, plans, elevations, site plans indicating the required walks, curbs, parking facilities, drainage etc. to be installed for the construction, erection, operation and occupancy of a one-story concrete building to be used and operated as an indoor theatre, and filed similar papers for the use and operation of a bowling alley, both on part of the premises hereinabove described. (Par. " Sixth ", answer.)

A reading of the respondents' answer and the certified transcript of the record of the proceedings subject to review herein, held before the respondents at a public hearing on June 7, 1962, indicates that the petitioner is the owner of a parcel of land situated on the south side of Route No. 25-A, New York State Highway at East Setauket, Suffolk County, since 1956; petitioner's plans for the construction of said theatre and bowling alley were the result of many years planning, since the purchase of the property in 1956. Mr. Stangby, a member of the respondents' board to whom petitioner's application was assigned to make a report and findings to the respondents, at the public hearing before the respondents, stated on page 3 of the transcript:

" MR. STANGBY: * * * Incidentally, let me express my own opinion. *In my report on the thing, I stated specifically that I see nothing wrong with what you want to do and were it within our jurisdiction, my recommendation would be for approval.* Case No. 40, (theatre) I recommend denial on the basis we have no jurisdiction. (Italics added.)

" MR. JORDON: Second it.

" It was regularly moved by Mr. Stangby, seconded by Mr. Jordan, and carried unanimously, that this application be denied. (No. 40.)

" MR. STANGBY: No. 41 (bowling alley) I recommend denial on the same basis.

" MR. JORDON: Second it.

" It was regularly moved by Mr. Stangby, seconded by Mr. Jordan, and carried unanimously, that this application be denied (No. 41)."

Thus, it is readily apparent that no triable issue exists as to any material fact upon which the right to the relief depends. (*Matter of Glenel Realty Corp.* v. *Worthington,* 4 A D 2d 702; *Matter of De Marco* v. *Fitzgerald,* 20 Misc 2d 457, 459; *Matter of Guzzetta* v. *Carey,* 14 Misc 2d 235; *Matter of Von Kohorn* v. *Morrell,* 9 N Y 2d 27, 34.)

The crux of the petitioner's position now is a direct attack upon the validity of subdivision 10 of section 100 (COMMERCIAL CENTER) of the Building Zone Ordinance of the Town of Brookhaven as enacted on March 1, 1961, and August 8, 1961, and petitioner seeks (1) to declare it unreasonable, confiscatory, invalid, capricious, arbitrary, illegal and void in its entirety, in violation of the 14th Amendment of the Constitution of the United States and sections 6, 7, and 11 of article I of the Constitution of the State of New York for reasons that it denies to the petitioner equal protection of laws, deprives the petitioner of its

property without due process of law and constitutes a taking of private property without just compensation, and (2) on its face it *constitutes ambiguity.*

" J " Business 2 District, as defined by the Building Zone Ordinance of the Town of Brookhaven, designates the said district as " General Business ". It limits the total building area to 50% of the total lot area (*supra*). The property herein described is in excess of 10 acres. Since 1956 this parcel has been continuously zoned " J " Business 2 District. Prior to the recent amendment of subdivision 10 of section 100 of the said Building Zone Ordinance, the petitioner was entitled to build on 50% of the total lot area for business uses, among which permitted uses were included shopping centers, shops, stores, restaurants, places of amusement, theatres, bowling alleys, commercial public recreation uses, railroad and bus terminals. Under the present amendment, the petitioner is entitled to build on 50% of the lot area, among which permitted uses are retail and wholesale stores and shops, telephone exchange building, banks, offices, restaurants, undertaker establishments, motor vehicle sales rooms, railroad and bus passenger stations, provided, however, " *that they shall not be all or part of a Commercial Center* ". (Italics added.) Also, assembly halls, theatres, bowling alleys, driving ranges are permitted when such uses are authorized by Special Permit from the Board of Appeals, provided, however, " *that they shall not be all or part of a Commercial Center.*" (Italics added.)

Under these circumstances and requirements, how could petitioner properly construct " GENERAL BUSINESS " establishments with a total building area of 50% of the total lot area of 10 acres and be required to comply with said requirement " *that they shall not be all or part of a Commercial Center.*" (§ 100, subd. 10, *supra,* italics added.) An analysis of the definition " Commercial Center ", as given in said section 100, and an analysis of article XI-A, " J " Business 2 District (General Business), will indicate that subdivision 10 of section 100 is ambiguous.

Although the permitted uses include types of business enterprises as above enumerated and the total building area is limited to 50% of the total lot area, subdivision 10 of section 100 of said ordinance thus includes terms which appear vague and indefinite when analyzed in conjunction with article XI-A, " J " Business 2 District (General Business). " Compliance with legislative direction may not be left to speculation or guess ". (*Connell* v. *Town of Granby,* 12 A D 2d 177, 178.)

An ordinance which fails to set forth a sufficiently clear standard by which a person is deprived of reasonable use of

his property is in violation of the due process clauses of our Constitutions. (*Matter of Barbara Homes* v. *Michaelis,* 14 Misc 2d 620, 621.)

It may be here remarked that petitioner's plans submitted to respondents, showing the proposed entire shopping center, limits its building use to less than 20% of its area.

It is well established that in case of doubt or ambiguity in the language of a zoning ordinance, or doubt as to its meaning, such ambiguity and such doubt must be resolved in favor of the owner. (*Matter of Wiltwyck School* v. *Hill,* 14 A D 2d 198, 224, revd. on other grounds 11 N Y 2d 182; *Matter of Glenel Realty Corp.* v. *Worthington,* 4 A D 2d 702, 704; *Matter of Monument Garage Corp.* v. *Levy,* 266 N. Y. 339, 343; *Matter of Barbara Homes* v. *Michaelis, supra.*)

The next question presented by the petitioner is whether subdivision 10 of section 100 of said Building Zone Ordinance be declared as confiscatory and invalid in contravention of the Constitution and laws of the State of New York and the Constitution of the United States. Thus, the constitutional question is squarely presented. Under the circumstances above outlined, the ordinance, as applied to this property, must be deemed unreasonable and arbitrary and constitutes an invasion of property rights contrary to the constitutional due process and, as such, is invalid, illegal and void. (*Vernon Park Realty* v. *City of Mount Vernon,* 307 N. Y. 493, 499; *Nashville Chattanooga & St. Louis Ry.* v. *Walters,* 294 U. S. 405; *Matter of Brous* v. *Smith,* 304 N. Y. 164.)

Conversely, however, when it is claimed that an ordinance in and of itself destroys the marketability and value of the property for its uses, the courts may consider the constitutionality or confiscatory unreasonableness of the ordinance. (*Scarsdale Supply Co.* v. *Village of Scarsdale,* 8 N Y 2d 325; *Euclid* v. *Ambler Co.,* 272 U. S. 365, 386.)

It is well settled that zoning ordinances, to be reasonably related " to the preservation of the scheme and purpose as a whole ", may neither deprive an owner of all the beneficial use of his property (*Matter of Eaton* v. *Sweeny,* 257 N. Y. 176, 182, 183) nor impose upon it a " special hardship unnecessarily and unreasonably ". (*Matter of Dowsey* v. *Village of Kensington,* 257 N. Y. 221, 226.)

In order to determine whether or not an ordinance works a confiscation upon the owner of a certain parcel of land, it must be established whether the restriction imposed by the ordinance precludes the use of the land for any purpose to which it is reasonably adapted. (*Arverne Bay Constr. Co.* v. *Thatcher,* 278

N. Y. 222.) Hence subdivision 10 of section 100 (COMMERCIAL CENTER) of said Zoning Ordinance restricts the petitioner's use of his 10-acre business property to a use improvement which occupies a site of not more than two acres or where the total floor area of the buildings or structures shall not exceed 15,000 square feet, " whether built at one time as a unit or in two or more construction stages ".

It is well settled that " [A]n ordinance which *permanently* so restricts the use of property that it cannot be used for any reasonable purpose goes, it is plain, beyond regulation, and must be recognized as a taking of property. The only substantial difference in such case, between restriction and actual taking, is that the restriction leaves the owner subject to the burden of payment of taxation, while outright confiscation would relieve him of that burden." (*Arverne Bay Constr. Co.* v. *Thatcher,* 278 N. Y. 222, 232.)

It is, in substance, a taking of the land prohibited by the Constitution of the United States and the Constitution of the State of New York.

It is readily apparent that subdivision 10 of section 100 " COMMERCIAL CENTER " of the Building Zone Ordinance is thus confiscatory in that it precludes the use of the petitioner's property for the purpose to which it is reasonably or economically adapted and it is, accordingly, held unconstitutional, and wherever the phrase " *provided, however, that they shall not be all or part of a Commercial Center* " (italics added) appears in article XI and article XI-A of the Building Zone Ordinance of the Town of Brookhaven, it is deemed eliminated.

For all these reasons, the denial of the two permits to the petitioner is unlawful and improper and the Town Clerk is directed to issue such permits to petitioner.