Anthony M. Livoti, J.
This is a proceeding pursuant to article 78 of the Civil Practice Act for a final order directing the respondents, Emil E. Lange, Chief Building and Zoning Inspector, and/or Edwin A. Arnzen, Town Clerk of the Town of Brookhaven, to issue a permit for the erection of an indoor theatre, a bowling alley, a supermarket and miscellaneous stores for retail businesses' in accordance with the plans filed with respondents on July 24, 1962, to the petitioner, as owner of realty located on the south side of New York State 25A Highway (Ridgeway Avenue) at East Setauket, Town of Brookhaven, Suffolk County, consisting of approximately 10 acres, and as successor in title of Setauket Development Corp.
Heretofore, this court granted the Setauket Development Corp. a final order entered on July 9, 1962, pursuant to article 78 of the Civil Practice Act, directing the respondent Arnzen, as Town Clerk and/or Clerk of the Board of Appeals of the Town of Brookhaven, to authorize the issuance of a “ Special Use Permit ” directed to the Building Department of the Town of Brookhaven for the construction, erection, operation and occupancy of an indoor theatre and bowling alley on the subject property and further declared that section 100 (definition) “ commercial oenter ” of the “ Building Zone Ordinance of the Town of Brookhaven ” to be invalid and unconstitutional, in accordance with the decision of this court in Matter of Setauket Development Corp. v. Romeo (35 Misc 2d 501).
The said order provides in part:
" ‘ ORDERED, ADJUDGED AND DECREED that Section 100, Subdivision 10 ‘ Commercial Center ’ of the Building Zone Ordinance of the Town of Brookhaven is confiscatory and it is accordingly held unconstitutional and wherever the phrase ' provided, however, that they shall not be all or part of a Commercial Center appears *148 in. Article XI and Article XI-A of the Building Zone Ordinance of the Town of. Brookhaven ’ is deemed eliminated from said ordinance; and it is further
‘ ‘ ordered, that upon service of this order with notice of entry thereon on the Respondent edwin a. arnzen, Town Clerk of the Town of Brookhaven, and the attorney for the Respondents, the Respondent Town Clerk shall eliminate the phrase, ‘ provided, however, that they shall not be all or part of a Commercial Center ’ as appears in Article XI and Article XI-A of the Building Zone Ordinance of the Town of Brookhaven; and it is further
‘ ‘ ordered, that upon service of this order with notice of entry thereon on the Respondent, edwin a. arnzen, Town Clerk of the Town of Brookhaven, the Respondent, edwin a. arnzen, is directed to issue to the Petitioner or its assignee, two ‘ Special Use Permits ’ for the construction, erection, operation and occupancy Qf an indoor theatre, and for the construction, erection, operation and occupancy of a bowling alley in accordance with the plans filed with the petition. ’ ’
An examination of the respondents’ return clearly indicates that petitioner’s property is located in “ J ” Business 2 District “ (general business) ” of the “Building Zone Ordinance of the Town of Brookhaven ” and that respondents ’ sole refusal for the issuance of said building permits is ‘1 because applications previously filed for two of the buildings, to wit, the theatre and bowling alley were the object of an appeal being taken from a denial of the application. In addition, drainage plans were not submitted and the plans had not been approved by the Village Engineer.”
In analyzing the factual situation in this proceeding at bar, it seems almost useless to discuss, apply or distinguish any principles of law except the pivotal principle that the rights, of this petitioner must be determined on the basis of the law as it exists today. (Strauss v. University of State of New York, 2 N Y 2d 464; Black Riv. Regulation Dist. v. Adirondack League Club, 307 N. Y. 475, 486-487.) This court, being a court of competent jurisdiction, held constitutionally invalid section 100 —• definition — “commercial center” of the Building Zone Ordinance of the Town of Brookhaven, and the order of this court of July 9, 1962, has not been modified. Therefore, this application must be determined on the basis of this court’s decision which appeared in the Miscellaneous Reports (supra).
The answering affidavits raise no issue as to the regularity and validity of the petitioner’s plans and specifications filed *149 with respondents except “drainage plans were not submitted and the plans had not been approved by the Village Engineer. ’ ’
A careful examination of petitioner’s site plan submitted by respondents in its return to this court discloses that it contains the required drainage detail for the entire proposed project. Moreover, the Building Zone Ordinance of the Town of Brook-haven, in “ J ” Business 2 District, does not make any reference that requires drainage plans to be approved by the Village Engineer.
The allegations of the petition are not denied by respondents.
It is well settled that public officials charged with the duty of issuing permits cannot willfully withhold and refuse to issue one to petitioner, to the end that if they had acted -with reasonable promptness its permit would have been granted so as to acquire a vested right without delay. (Matter of Dubow v. Ross, 254 App. Div. 706; Matter of Calton Ct. v. Switzer, 221 App. Div. 799, 800; Matter of Fairchild Sons v. Rogers, 242 App. Div. 651, affd. 266 N. Y. 460.) Finally, the court repeats in length what was said in Matter of Setauket Development Corp. v. Romeo (supra).
The court therefore finds that the action of respondents in denying the petitioner’s applications was both arbitrary and unreasonable. The petitioner’s request directing respondents to issue permits for the erection of an indoor theatre, a bowling alley, a supermarket and miscellaneous stores for retail businesses upon petitioner’s property, is granted and the respondents are directed to issue building permits to the petitioner for the construction, erection and occupancy of a bowling alley, an indoor theatre, a supermarket and miscellaneous stores for retail businesses in accordance with plans and specifications heretofore filed with respondent Lange.