■ In the Matter of THREE VILLAGE CORNERS SHOPPING CENTER, INC., Assignee of SETAUKET DEVELOPMENT CORP., Respondent, v. EMIL E. LANGE, as Chief Building and Zoning Inspector of the Town of Brookhaven, et al., Appellants.—In a proceeding pursuant to article 78 of the Civil Practice Act, to compel the issuance to petitioner of certain building permits pursuant to a previous Special Term order directing that such permits issue, the Chief Building and Zoning Inspector of the Town of Brookhaven and its Town Clerk appeal from an order of the Supreme Court, Queens County, dated September 13, 1962, and entered on the same day in Suffolk County, which granted the petition and directed that the permits issue. Order reversed on the law, with $10 costs and disbursements, and petition dismissed. The present proceeding was instituted and determined during the pendency of the appeal to this court from the previous order (see 35 Misc 2d 501). This court has since reversed the previous order, holding, in effect, that the permits were properly refused (*Matter of Setauket Development Corp.* v. *Romeo*, 18 A D 2d 825). Hence the order here under review, which merely implements the previous order, must likewise be reversed. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur. [36 Misc 2d 146.]

■ ARON M. KRUG, Appellant, v. SOL NATHANSON et al., Respondents.— In an action to recover damages for injury to plaintiff's person and property, as a result of a collision between two motor vehicles, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered September 29, 1961 in favor of defendants, upon the dismissal of the complaint at the close of plaintiff's case, after a jury trial. Judgment reversed on the law and a new trial granted, with costs to plaintiff to abide the event. The testimony is that plaintiff was stopped for a traffic light for about 15 or 20 seconds, when he heard a "squeal"; on turning around, he saw defendants' truck in a skid about 30 or 40 feet behind him and going 30 to 35 miles an hour. Defendants' truck thereupon collided with plaintiff's vehicle. While skidding alone is not evidence of negligence (*Lahr* v. *Tirrill*, 274 N. Y. 112), skidding plus evidence of speed in excess of the permitted limit does make out a prima facie case (*Leotta* v. *Plessinger*, 8 N Y 2d 449). The permitted speed limit in the area is 25 miles an hour. The evidence by plaintiff as to the speed of defendants' truck was admissible. His opportunity to judge the speed, both by reason of his position and the time available for looking, were factors going to the weight rather than the admissibility of the testimony (*People* v. *Dusing*, 5 N Y 2d 126). However, even assuming that the evidence was incompetent, the record discloses that it was received without objection. The evidence was, therefore, entitled to consideration and may be relied upon to establish a fact in controversy (*Ford* v. *Snook*, 205 App. Div. 194, 198 and cases there cited, affd. 240 N. Y. 624). The trial court was without power to weigh the credibility of such testimony. Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.