## SECOND DEPARTMENT, JULY, 1927.

In the Matter of the Application of CALTON COURT, INCORPORATED, a Domestic Corporation, Respondent, for a Peremptory Mandamus Order against WILLIAM H. SWITZER, Building Inspector of the City of New Rochelle, New York, Appellant.

*Municipal corporations — building permits — petitioner entitled to permit when application was made — delay in examining plans was for purpose of permitting change in Zoning Ordinance — petitioner entitled to peremptory order.*

Appeal from a peremptory mandamus order of the Supreme Court, made at the Westchester Special Term and entered in the Westchester county clerk's office on April 16, 1927, directing the building inspector of the city of New Rochelle to forthwith issue to the petitioner, Calton Court, Incorporated, a permit

for the erection of an apartment house in accordance with plans filed in the office of said inspector.

PER CURIAM. While the building inspector was entitled to a reasonable time in which to examine the petitioner's application for the permit and the plans and specifications, the uncontradicted allegations in the petition justified the court at Special Term in finding that the neglect or refusal of the inspector to act upon the plans was due to an ulterior motive, viz., to delay action to enable the common council to change the Zoning Ordinance of the city so as to prohibit the erection of the petitioner's building and that it was not because of inability to examine the plans. The petition alleges that the plans and specifications were in accordance with law and that the inspector recognized this fact by issuing a temporary permit for excavation on April fifth. The answering affidavits raise no issue as to the regularity and validity of the petitioner's plans and specifications. The allegations in the petition are not denied, and it is conceded that when the mandamus order was issued the permit was at once issued and the necessary changes exacted from the petitioner. No appeal was taken for some ten days. No application for a stay was made. Under the circumstances, we think the peremptory mandamus order should be affirmed, without costs. Present — Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ. Peremptory mandamus order unanimously affirmed, without costs.