In the Matter of the Application of JOSEPH F. CURRAN, Appellant, for a Recanvass of Absentee Ballots Cast in Election District Number Six of the Second Ward of the City of Yonkers, for the Office of Alderman at the General Election Held on the 7th Day of November, 1933. ANNA F. TERWILLIGER and Others, Respondents.— Order dismissing petition affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ., concur.

In the Matter of the Application of FAIRCHILD SONS, INC., Respondent, for a Peremptory Mandamus Order against ALLAN H. ROGERS, Building Inspector of the Incorporated Village of Garden City, Respondent, and CHARLES G. REINHART, JR., Mayor, and GEORGE A. YOUNG and Others, Constituting the Board of Trustees of the Incorporated Village of Garden City, Appellants.* — Peremptory mandamus order modified by striking therefrom the provision staying the board of trustees "from voting upon the said proposed amendment of said zoning ordinance of said village unless and until said building permit shall first have been granted as hereinbefore directed," and as so modified affirmed, without costs. In our opinion, the Special Term was without power, in this mandamus proceeding, to enjoin the board of trustees from voting upon the proposed amendment of the village zoning ordinance, and petitioner's vested rights, if any, may be protected in a subsequent action or proceeding. The board of trustees directed the building inspector not to approve the plans, although they were in accordance with regulations. If this direction had not been given, the plans would have been approved and the permit issued as a matter of course. This direction of the board of trustees to the building inspector was in effect a refusal to issue the permit. Therefore, the motion for a peremptory mandamus order against the building inspector for action on the plans, and against the board of trustees for the issuance of the builing permit, was proper. The appeal from the order dated October 5, 1933, denying motion to vacate the order of October 2, 1933, is dismissed. Lazansky, P. J., Young, Kapper and Tompkins, JJ., concur; Davis, J., concurs for the dismissal of the appeal from the order dated October 5, 1933, but dissents and votes for a reversal of the peremptory mandamus order on the ground that the practice followed was erroneous and improper. The board of trustees had not failed or refused to act on the building inspector's approval of the plans at the time the peremptory mandamus order was made, and, therefore, the court was possessed of no authority or jurisdiction to command the board to act in a matter in which it had not yet failed or refused to perform a duty. The injunction granted without legal authority interfered with the legislative acts of the board. Had there been no such interference the board might properly and legally have carried out its plans to amend the zoning ordinance, and thereafter could properly have refused to issue a permit, for the applicant seeking the permit would have had no vested right on which to base its demand therefor. The issuance of such permit has now been ordered by means of illegal use of legal process; and the procedure adopted should not be sanctioned.

* Affd., 266 N. Y. —.