In the Matter of the Application of MORRIS DUBOW, Petitioner, Respondent, and FANDALE REALTY CORP., Intervening Petitioner, Respondent, for a Peremptory Order of Mandamus against WILLIAM K. ROSS, as Mayor, HAROLD E. DANA, as Clerk, and RALPH THOMPSON, as Building Commissioner and Inspector of the Incorporated Village of Lynbrook, Long Island, Appellants. No. L-6366.— Order granting peremptory order of mandamus directing appellants to issue forthwith to petitioner any and all necessary permits, licenses, etc., for the erection and maintenance of an automobile wrecking business, used automobile sales busi-

ness, and the sale of used automobile parts, and to permit petitioner to maintain and conduct such business without hindrance, reversed on the law, and not in the exercise of discretion, without costs, and proceeding remitted to Special Term for trial of the issues of fact presented by the pleadings. Appeal from order denying motion to amend order granting peremptory mandamus order dismissed. The pleadings present issues of fact as to whether or not appellants unreasonably refused and delayed the granting of the application to conduct a business pending an amendment to the zoning ordinance prohibiting it. In view of the denials and allegations contained in the answer, the petitioner did not show a clear legal right to the relief sought. Although mandamus proceedings were abolished by the new article 78 of the Civil Practice Act prior to the institution of the present proceeding, in view of the fact that the parties have acquiesced in the proceeding as conducted, which conforms to the requirements of the present article of the Civil Practice Act, we are of opinion that the proceeding may be considered as having been instituted in accordance therewith so that the issues of fact may be tried in accordance with section 1295 of the Civil Practice Act. If it be found that the public officials charged with the duty of issuing permits willfully withheld and refused to issue one to petitioner, and, in addition, misled and hindered him, to the end that if they had acted with reasonable promptness his permit would have been granted and he could have conducted the business so as to acquire a vested right prior to the amendment of the zoning ordinance, we are of opinion that he would be entitled to the relief which he seeks. (*Matter of Calton Court, Inc.*, v. *Switzer*, 221 App. Div. 799, 800; *Matter of Fairchild Sons, Inc.*, v. *Rogers*, 242 id. 651; affd., 266 N. Y. 460.) Lazansky, P. J., Hagarty, Adel and Close, JJ., concur; Carswell, J., concurs in the dismissal of the appeal from the order denying motion to amend order granting peremptory mandamus order, and in the reversal of the order granting peremptory mandamus, but dissents from the direction remitting the matter to Special Term for trial of the issues of fact and votes to dismiss the petition, with the following memorandum: Even though a permit should issue, its issuance would be a futility in view of the change in the zoning ordinance forbidding the user sought by petitioner, since no vested rights can arise after the changed ordinance becomes operative as a consequence of expenditures made under the belated permit. (*Matter of Fox Lane Corporation* v. *Mann*, 216 App. Div. 813; affd., 243 N. Y. 550; *Matter of Parkcliff Company, Inc.*, v. *Burden*, 233 App. Div. 851; *Matter of Rosenbush* v. *Keller*, 247 id. 748; affd., 271 N. Y. 282; *Matter of Fairchild Sons, Inc.*, v. *Rogers*, 246 App. Div. 555.). The petitioner should be relegated for redress of his grievance, if any, against the officials involved to another form of remedy that will be free from the element of futility.