In the Matter of WESTCHESTER COUNTY SOCIETY FOR THE PRE-VENTION OF CRUELTY TO ANIMALS, INC., Appellant, against J. WILLIAM MENGEL et al., Constituting the Zoning Board of Appeals of the Town of Yorktown, Westchester County, Respondents.

Argued January 3, 1944; decided February 24, 1944.

*Joseph Reeback* for appellant. I. The undisputed evidence establishes that the appellant is a philanthropic and eleemosynary institution and that its proposed use of its property was philanthropic and eleemosynary in character. (*Cromwell* v. *American Bible Society,* 202 App. Div. 625.) II. The appellant, as a philanthropic and eleemosynary institution, has the right, under the zoning ordinance, to occupy its property for its philanthropic and eleemosynary purposes. (*Matter of Monument Garage Corp.* v. *Levy,* 266 N. Y. 339; *People ex rel. Ortenberg* v. *Bales,* 224 App. Div. 87, 250 N. Y. 598; *Matter of Multiplex Garages, Inc.* v. *Walsh,* 213 App. Div. 155, 241 N. Y. 527; *Strauch* v. *Town of Oyster Bay,* 263 App. Div. 833; *Delaware & Hudson Co.* v. *Utica, C. & B. R. R. Co.,* 174 Misc. 403, 259 App. Div. 969; *City of New York* v. *Fredericks,* 206 N. Y. 618; *People* v. *Vandewater,* 250 N. Y. 83.)

*Chester A. Slocum, James D. Hopkins* and *Louis Wolsky* for respondents. I. The provisions of the Zoning Ordinance do not permit the use of the premises for the housing of dogs and other kennel purposes as contemplated by the appellant. (*Duryee* v. *Mayor,* 96 N. Y. 477; *Kennahan* v. *City of New York,* 162 App. Div. 364; *Matter of Assignment of Holbrook,* 99 N. Y. 539; *People ex rel. Urban Water Supply Co.* v. *Connolly,* 164 App. Div. 163, 213 N. Y. 706; *Flynn* v. *Prudential Ins. Co. of America,* 207 N. Y. 315; *Hayden* v. *Pierce,* 144 N. Y. 512; *County of Herkimer* v. *Village of Herkimer,* 251 App. Div. 126; *St. Luke's Hospital* v. *Godet,* 171 Misc. 7; *People* v. *Sharp,* 107 N. Y. 427; *Stradar* v. *Stern Brothers,* 184 App. Div. 700;

*Blaschko* v. *Wurster,* 156 N. Y. 437; *City of Yonkers* v. *Horowitz,* 222 App. Div. 297.) II. The determination of the Zoning Board of Appeals upon the question of fact of whether the appellant is an eleemosynary institution within the provisions of the ordinance, or the contemplated use of the premises is an eleemosynary use within the intent of the provisions of the Zoning Ordinance, should not be disturbed. (*People ex rel. Hudson-Harlem Co.* v. *Walker,* 282 N. Y. 400; *Matter of Coopersmith* v. *Murdock,* 262 App. Div. 1032; *Matter of Gillespie, Inc.* v. *Olena,* 258 N. Y. 535; *Matter of Revorg Realty Co., Inc.* v. *Walsh,* 225 App. Div. 774.) III. In the interpretation or construction of a statute or an ordinance, the intention of its authors should be ascertained. Such a rule cannot disregard the manifest intention of the legislators so as to nullify or override the main purpose and object of the act, or permit an interpretation that leads to an absurdity. (*Spencer* v. *Myers,* 150 N. Y. 269; *Jamison* v. *Encarnacion,* 281 U. S. 635.; *Wynehamer* v. *People,* 13 N. Y. 378; *People* v. *Ahearn,* 196 N. Y. 221; *Fisher* v. *N. Y. C. & H. R. R. R. Co.,* 46 N. Y. 644; *Verona Central Cheese Co.* v. *Murtaugh,* 50 N. Y. 314; *People ex rel. Cohen* v. *Butler,* 125 App. Div. 384; *People ex rel. Cumisky* v. *Wurster,* 14 App. Div. 556.) IV. The provisions of the ordinance are to be given a liberal construction for the purpose of effectuating the objects contemplated. The admonition in statutes or ordinances that they shall be liberally construed to effect the intent of their framers should be followed by the courts, and such construction given to their provisions. (*Eagle-Picher Lead Co.* v. *Mansfield Paint Co., Inc.,* 203 App. Div. 9; *People* v. *Reilly,* 255 App. Div. 109, 280 N. Y. 509; *New York County Nat. Bank* v. *Wood,* 169 App. Div. 817, 222 N. Y. 662.)

LEHMAN, Ch. J. The petitioner appellant is a non-profit membership organization incorporated by statute (L. 1883, ch. 91) as a society for " the prevention of cruelty to animals ", with power, within the territory in which it may lawfully conduct its activities, " to enforce by any and all lawful means all acts of the legislature of this state for the prevention of such cruelty to animals, and the punishment of any and all violations of such statutes ". In October, 1941, it purchased a tract of land, with a small dwelling, a garage and a barn upon it, in

the Town of Yorktown in Westchester County. It built an extension to the barn in accordance with a building permit issued to it and then applied to the Building Inspector of the Town for a certificate permitting the use and occupancy of the barn "for housing dogs and other animals in connection with the operations of our Society." The application was rejected by the Building Inspector and his determination was affirmed by the Zoning Board of Appeals of the Town on the ground that the premises owned by the appellant are within a " Residence District ", and, under the provisions of the Zoning Ordinance of the Town, no building may be erected or used within such a district for the purpose for which the appellant seeks a certificate of occupancy.

The Zoning Ordinance of the Town, in effect at the time the Society purchased the property and made the alteration to the barn, provided for the division of the Town into districts and defines the purposes for which buildings and structures in each district might be erected or used. The ordinance provides that in a residence district no building shall be erected or used for any purpose except the purposes there enumerated. Concededly none of the enumerated purposes includes the use for which a certificate was refused unless paragraph (1) of subdivision (A) of section 1, of article IV, " Philanthropic or eleemosynary use or institution other than a camp, sanatorium, hospital, correctional institution or institution for the insane ", sanctions such use.

Under the provisions of section 117-c of the Code of Criminal Procedure any agent of the appellant Society is empowered to take possession of " any lost, strayed, homeless or abandoned animal found in any street, road or other public place ", and also to take possession of " any animal in or upon any premises other than a street, road or other public place, which for more than twelve successive hours has been confined or kept in a crowded or unhealthy condition or in unhealthful or unsanitary surroundings or not properly cared for or without necessary sustenance, food or drink."

The appellant Society has entered into contracts with municipalities in Westchester County pursuant to the provisions of section 120 and 120-a of article 7 of the Agriculture and Markets Law " for the seizure and impounding of all

unlicensed or untagged dogs, and for the maintenance of a shelter or pound for unlicensed or untagged dogs, and for lost, strayed or homeless dogs, and for the destruction or other disposition of seized dogs not redeemed '' as provided by law. It. intends, if permitted, to use its property in a residence district of the Town of Yorktown as a '' shelter or pound '' for such dogs as well as a shelter for other animals which, may come into its possession. It receives compensation for the services rendered under its contracts with municipalities, but such compensation is insufficient to '' pay for the expenses necessarily incurred in maintaining and operating all of its aforesaid functions.'' Its remaining income is obtained from contributions and from donations made by its members and others.

The problem presented upon this appeal is whether the use of a building as a shelter for animals or as a dog pound in which dogs may be cared for and at times destroyed, constitutes a '' philanthropic or eleemosynary use or institution '' within the meaning of the Zoning Ordinance. The terms '' philanthropic '' and '' eleemosynary '' are not technical words of art or words which have been defined by statute or which have acquired a rigid meaning by judicial construction. They describe a field without established land marks. Often, perhaps ordinarily, these words denote a purpose to promote the welfare of mankind by works of charity. Sometimes they are used in broader sense to denote an unselfish purpose to advance the common good in any form or manner. Such words reflect the context in which they are used and change in color and in scope accordingly.

Here these words are used together with limitations or exceptions which are apposite only to uses and institutions intended to promote the welfare of human beings. The functions of law enforcement and of providing, under a contract with municipalities, a place where unlicensed or stray dogs may be destroyed may tend in a sense to promote the public welfare, but the occupation of a building for that purpose even by a non-profit membership corporation cannot be considered a '' philanthropic or eleemosynary use '' unless we extend the meaning of these words beyond their permissible limits when these words are read in their context.

The purpose of the zoning ordinance is stated in its preamble. It recites, among other things, that in order "to promote the public health, safety, morals and general welfare, with reasonable consideration among other things, to the most desirable use for which the land of each district may be adapted, the peculiar suitability for the particular use in each district, the conservation of property values and the direction of building development in accordance with a well considered master plan of the Town; * * * and in order * * * to encourage the building of homes and residences and other suitable and necessary structures within the Town of Yorktown ", the Town Board has found that " it is necessary that all trades, industries or uses destructive of the peace and security of dwelling districts or destructive of property values shall be isolated and segregated " and to carry out such purposes has adopted the Zoning Ordinance pursuant to the provisions of the Town Law. (L. 1932 ch. 634, as thereafter amended.)

The restrictions on the use of property imposed by the Zoning Ordinance may not be extended by any administrative board or judicial tribunal in order to exclude a use which in its opinion should have been excluded in order to effectuate the purposes set forth in the preamble, nor may we give a strained meaning to the words of the ordinance in order to effectuate its purpose better. Nonetheless, we read this ordinance, as we read all statutes or ordinances, in the light of its expressed or apparent purpose in order to determine the meaning of its language and to avoid thwarting the intent of the legislative body *as expressed in that language.* So read we conclude that the language of the permissive occupation of a building for a " philanthropic or eleemosynary use or institution other than a camp, sanatorium, hospital, correctional institution or institution for the insane " cannot properly be construed as intended to sanction its use as a dog shelter or pound for the care, destruction or other disposition of stray and unlicensed dogs, collected in order to enforce the laws of the State and in the performance of contracts made with municipalities.

The order insofar as appealed from should be affirmed.

LOUGHRAN, RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Order affirmed.