In the Matter of SOL ATLAS, Petitioner, against JAMES K. DICK, as Building Inspector of the Village of Great Neck Plaza, et al., Respondents.

Supreme Court, Special Term, Nassau County, April 10, 1948.

*George V. Fleckenstein* for petitioner.

*Munley & Meade* for James K. Dick, as building inspector, respondent.

Colden, J.  Motion by petitioner for an order confirming the report of an Official Referee.

Petitioner applied for an order, pursuant to article 78 of the Civil Practice Act, directing the respondents to issue a permit for the construction of an eight-story apartment house.  After petitioner filed plans which allegedly complied with all of the requirements of the building code and zoning ordinances of the Village of Great Neck Plaza, respondents delayed action upon the application and initiated proceedings to amend the building ordinance so as to limit buildings to a height of four stories.

Respondents' denial that the plans filed by petitioner complied with the village ordinances raised an issue of fact, which was referred to an Official Referee to hear and report.  The order of reference provided that if the Referee found that petitioner had substantially complied with the applicable ordinances, then the reference was to proceed to two further questions (a) the circumstances under which petitioner had placed orders for structural steel, for special windows and for excavating; and (b) whether any vested rights had arisen in petitioner's favor that would bar a change in the ordinance.

The Referee now reports that petitioner did substantially comply with the requirements of the ordinances; that he placed his orders and contracts after receiving assurances from one of the respondents that no legal grounds existed for refusing approval of his application; and that respondents delayed action on petitioner's application in order that they might change the zoning ordinance, which conduct misled and hindered the petitioner; that had the respondents acted with reasonable promptness, petitioner would have been able to proceed with construction so as to acquire vested rights under his permit prior to the amendment of the zoning ordinance.

Respondents, in opposing this motion to confirm the Referee's report, contend that there is no evidence to support the finding that petitioner had placed his orders and contracts in reliance upon assurances of one of the respondents; that even assuming that said respondent made such assurances, they would not be binding upon the administrative officers of the village; and that the Referee's finding that respondents had unreasonably delayed action upon petitioner's application, in order to change

the zoning ordinance, which delay misled and hindered petitioner so as to prevent him from acquiring vested rights, was beyond the scope of the reference. They argue that the referee was to report on whether petitioner had acquired vested rights, not whether he had been prevented from acquiring them by the unreasonable and arbitrary conduct of the respondents in pursuing a policy of delay.

There is no merit to the contention that the Referee's findings went beyond the scope of the reference. The question whether petitioner had been prevented from acquiring vested rights because of respondents' delay was implicit in the main question, i.e., whether petitioner had acquired vested rights. The minutes show that the Mayor of the Village of Great Neck Plaza conferred with the petitioner with respect to modifications and changes of the plans submitted. In some of these changes petitioner was willing to acquiesce and the Referee has found that he was misled into believing that his application would be granted, whereas actually the respondents were planning to modify the zoning ordinance so as to prevent the construction of the building as proposed.

It is true that in order to acquire vested rights, a petitioner must have proceeded with the construction of the building as legally permitted under the then existing zoning laws, pursuant to a permit. If petitioner had done nothing beyond obtaining the permit, he would be bound by any change in the zoning ordinance, even though its effect were to nullify his permit (*People ex rel. Ortenberg* v. *Bales,* 224 App. Div. 87, affd. 250 N. Y. 598; *Matter of Fox Lane Corp.* v. *Mann,* 216 App. Div. 813, affd. 243 N. Y. 550; *People ex rel. Publicity Leasing Co.* v. *Ludwig,* 172 App. Div. 71, affd. 218 N. Y. 540; *Rice* v. *Van Vranken,* 225 App. Div. 179, affd. 255 N. Y. 541). But where operations have been begun and contracts let under a permit, valid when issued, a petitioner thereby acquires vested rights which cannot be taken from him by the subsequent modification of the building zone ordinance (*People ex rel. Ortenberg* v. *Bales, supra*).

In the instant case, however, the obligations contracted by petitioner for steel, for special windows and for excavation were not incurred pursuant to a permit, and the question presented is whether such expenditures and obligations avail petitioner so that he may claim vested rights when the nonissuance of the permit was due to the delay and hindrance of the respondents. The authorities sustain petitioner's contention (*Matter*

*of Calton Court, Inc.,* v. *Switzer,* 221 App. Div. 799; *Matter of Fairchild Sons, Inc.,* v. *Rogers,* 246 App. Div. 555, motion for leave to appeal denied 269 N. Y. 681; *Matter of Fairchild Sons, Inc.,* v. *Rogers,* 242 App. Div. 651, affd. 266 N. Y. 460; *Matter of Dubow* v. *Ross,* 254 App. Div. 706).

In the *Dubow* case (*supra,* p. 707) the court said: " If it be found that the public officials charged with the duty of issuing permits willfully withheld and refused to issue one to petitioner, and, in addition, misled and hindered him, to the end that if they had acted with reasonable promptness his permit would have been granted and he could have conducted the business so as to acquire a vested right prior to the amendment of the zoning ordinance, we are of opinion that he would be entitled to the relief which he seeks. [Citing cases.] "

A petitioner is thus entitled to relief when, under a valid permit, he has proceeded with construction so as to have acquired vested rights, or when, delayed and hindered by public officials, he has been prevented by their acts from acquiring vested rights which he would have acquired had they acted with the dispatch and promptness that is required of them.

The latter half of this rule stems from a sense of fair play which revolts at the notion of permitting one party to change the rules of the game while play is in progress. It would be manifestly unjust to permit public officials, no matter how well intentioned, to use their office to withhold from petitioner his legal rights while they change their ordinances so as to deprive him of those rights permanently.

Under all of the circumstances, the report of the learned Official Referee is confirmed.

Settle order.