Samuel Rabin, J.
This is a proceeding to require the chief inspector of the building department of the Town of Hempstead to issue a building permit for a structure characterized as a diner in petitioners’ application for said permit.
The application was denied, the reason given being that it was “ not a permitted use, application to town hoard required.”
The Building Zone Ordinance of the Town of Hempstead under which the application was made is article 7, Business District, the pertinent sections of which follow:
‘ ‘ Sec. X-1.0. In a Business District the following regulations shall apply:
*693 " A building may be erected, altered or used, and a lot or premises may be used for any of the following purposes and for no other: * * *
“ Sec. X-1.8. Restaurant. * * *
“ See. X-1.14. When permitted as a special exception by the Town Board: * * *
“ (f) Any use of the same general character as any of the uses hereinbefore specifically permitted ”.
Petitioners contend that a diner is a restaurant within the meaning of section X-1.8 of the ordinance. Respondent contends that a diner is not in fact a restaurant but only of the same general character as a restaurant and hence approval must be sought of the town board under subdivision (f) of section X-1.14.
If a diner falls within the definition of “ restaurant ” then there is no discretion in respondent; petitioners are entitled to a permit and respondent has no alternative except to issue it:
The ordinance does not define the term restaurant. We must look elsewhere for guidance.
Funk & Wagnalls New Standard Dictionary gives the following definitions:
" Restaurant — A place where refreshments or meals are provided to order, especially one not connected with a hotel.”
" Diner — railroad — A car for serving meals en route.”
Ballentine’s Law Dictionary with Pronunciations gives the following definition: “While the word [restaurant] has no strictly defined meaning, it seems to be used indiscriminately as a name for all places where refreshments can be had, from a mere eating house and cookshop to any other place where eatables are furnished to be consumed on the premises. It has been defined as a place to which a person resorts for the temporary purpose of obtaining a meal or something to eat.”
Since no provision of the ordinance restricts petitioners’ common-law right to the use of the property as a diner, resort should not be had to a strained construction in order to attain that result. The ordinance should be strictly construed. (Village of Stamford v. Fisher, 140 N. Y. 187; Welch v. City of Niagara Falls, 210 App. Div. 170.)
‘‘ Zoning laws which curtail and limit uses of real property must be given a strict construction, since they are in derogation of common-law rights and the provisions thereof may not be extended by implication.” (City of Albany v. Anthony, 262 App. Div. 401, 404.)
If the term “ restaurant ” is virtually all-inclusive then petitioners are entitled to a permit. If “ restaurant is not all-inclusive and if the use is something which must be determined *694 by the inspector in the exercise of discretion, then the town board has failed to prescribe any standard or rule for the guidance of the inspector.
It is a principle of zoning law that where there is a delegation to an administrative body of legislative power, standards or rules must be prescribed for the guidance of the administrative body and for the public.
While this is not controlling, the failure to set up standards or rules for the guidance of the inspector is certainly some indication that it was the intent that the term restaurant embrace all eating establishments.
There is a further indication that it was the intent that the term restaurant embraces all eating establishments. There appears to have been no uniform policy requiring application to the town board for permits for the erection of diners. Certain it is that some such permits were issued without town board hearings.
It has been pointed out by respondent that diners operate on a twenty-four-hour day, seven-day-week work schedule, with resulting increased traffic in the area and disturbance of a kind to the surrounding residents. Assuming that to be so, the town board in its wisdom well might enact legislation to ameliorate the situation.
It cannot accomplish that purpose under any interpretation of the existing ordinance.
In the opinion of the court there is no uncertainty as to the meaning of the word “ restaurant ” as used in such ordinance. Restaurant clearly embraces diner, and the petitioners are entitled to a permit.
The refusal of the chief inspector of the building department to issue the permit requested went beyond his powers, and was a violation of his duties, and therefore illegal.
Petitioners’ application is granted and the chief inspector of the building department of the Town of Hempstead is directed to issue forthwith the building permit heretofore applied for by the petitioners, in accordance with the application and plans now on file, and upon compliance with the applicable rules and regulations of the building department.
Proceed accordingly.