Frank A. Gulotta, J.
This is an article 78 proceeding to review the determination of the Town Board of Oyster Bay in denying petitioner’s application for a permit to maintain a real estate office in his home.
At the time petitioner originally made his application, this was a permitted use, when allowed as a special exception by the Town Board. (See art. 5, § C-l, sub. 8a of the Building Zone Ordinance.)
After a public hearing held on November 18, 1958, the application was denied in an undated decision which forms part of the return.
This proceeding was originally made returnable on February 6, 1959 and then adjourned successively to February 19, February 26 and finally to March 18, when it was submitted to this court for decision. Two of these adjournments, it is said, were requested by petitioner and one by respondent, though which is which, does not appear.
In any event it is conceded that on March 17, 1959, this very section of the ordinance was amended so as to eliminate the provision on which petitioner bases his case.
The court accords no weight to the contention that the Town Board acts as a legislative body in these matters, and this is beyond the reach of judicial review. (Matter of Frantellizzi v. Herman, 1 A D 2d 980.) However it is well settled that no one *563 can acquire a vested interest under an ordinance unless he first procures a permit under it and then changes his position in reliance upon the permit. (Rice v. Van Vranken, 225 App. Div. 179, affd. 255 N. Y. 541.) And it has been held that it makes no difference that the municipality may have deliberately delayed action on an application, so that it might have time to change the ordinance. Matter of Atlas v. Dick (192 Misc. 843, revd. 275 App. Div. 670, affd. 299 N. Y. 654) though under a dicta expressed in Matter of Dubow v. Ross (254 App. Div. 706) the result might be different where the municipality practices a deception on petitioner to accomplish its aims.
Therefore on this record, the merits of petitioner’s original application are not before the court and the application must be denied as a matter of law on the authority of the above ease.
Short-form order signed.