William R. Brennan, Jr., J.
Petitioner in this article 78 proceeding seeks to review and annul a decision of the respondent Board of Zoning Appeals denying it a variance.
In February, 1962, petitioner contracted to purchase a parcel of real property consisting of Lots 336 and 337 in Block 411, Section 56, on the Land and Tax Map of Nassau County. This parcel was 96 feet in width and 225 feet in depth, containing a total area of 21,600 square feet. Aware of the 6,000 square foot minimum area requirement for one-family homes, petitioner attempted to develop this parcel in such a manner as to result *821 in the erection of three single-family residences. In accordance with that plan, and in- March of 1962, petitioner sought and obtained a permit for the construction of a single-family residence on a “ pot handle ” plot consisting of the rear or interior area, 96 feet by 66 feet, connected to the street by a 15-foot strip or driveway 159 feet in length. Petitioner erected a house on this plot.
On April 11,1962, the petitioner applied for a second building permit on another “ pot handle ” plot. This plot would consist of another 15-foot driveway adjacent to the first 15-foot driveway and running back some 95 feet in depth connected to the middle interior portion of the parcel, some 81 feet by 66 feet. The Building Inspector rejected the application for this second permit on the ground that it was in violation of section B-10.1 of the Building Zone Ordinance, but petitioner was not notified of the rejection until May 29, 1962. It does not appear that petitioner sought to compel the issuance of the second permit by mandamus or by appeal to the Board of Zoning Appeals.
On June 1, 1962, two days after petitioner had been notified of the rejection, an amendment to section B-10.1 of the Building Zone Ordinance of the town became effective. The amendment requiring “ a minimum width of forty (40) feet from and on the street line to the front setback line ” was designed to prohibit construction on such * ‘ pot handle ’ ’ plots.
Thereafter, on July 17, 1962, the petitioner sought and obtained a permit for the construction of a single-family residence on the remaining portion of the parcel, this plot being approximately 95 feet in depth by 65 in width, the latter width all consisting of frontage on Cornelius Avenue. Petitioner then erected a dwelling on this plot.
Some four and a half months after the effective date of the amendment to the ordinance, petitioner applied to the Board of Zoning Appeals for a variance to erect a one-family residence on the middle plot, i.e., the identical plot for which the second permit had been refused. The respondent board refused to grant the variance and petitioner now seeks relief from that determination.
In its decision, the respondent board, having reviewed testimony at two hearings, proceeded upon the theory that petitioner was seeking a variance under the terms of the ordinance as it existed prior to the June 1 amendment. In fact, the board actually found that the nonamended ordinance was controlling. In pursuing this theory, the board would appear to have considered the application, at least partly, as one in the nature of an appeal from the determination of the Building Inspector *822 refusing the issuance of the permit. It was much concerned as to whether the petitioner had a ‘1 vested right ’ ’ to the issuance of the building permit under the old ordinance.
In approaching the question from that viewpoint, we feel the board was in error. No question of “ vested right ” was before that body (Matter of Napolitano [Michaelis], N. Y. L. J., Feb. 19, 1963, p. 18, col. 7, Pittoni, J.). In the first place, petitioner had never commenced construction on the parcel and, not having been issued a permit, any contractual obligations assumed by him did not vest any rights which could not be defeated by the subsequent amendment of the local ordinance. (Atlas v. Dick, 275 App. Div. 670.) Moreover, if petitioner had a vested right to build on the theory that ‘ ‘ the public officials charged with the duty of issuing permits willfully withheld and refused to issue one to petitioner, and, in addition, misled and hindered him ” (Matter of Dubow v. Ross, 254 App. Div. 706, 707), Ms remedy would be in the nature of a mandamus order in an article 78 proceeding in this court, rather than in applying for a variance. Finally, in waiting four and a half months after the effective date of the amendment before seeking the variance, petitioner was in effect relying upon the validity of the amended ordinance and requesting the board for a variation of its terms based upon practical difficulties and unnecessary hardship, thus abandoning any claim of a vested right except insofar as the same evidence wMch might be employed to show a vested right might be considered as evidence of practical difficulty or unnecessary hardship. In short, if petitioner had a vested right to build a single-family residence on the interior plot, he would have no need to seek a variance.
Having incorrectly considered the application as resting upon the nonamended ordinance, the board then made a finding that petitioner had insufficient area upon which to build. It£ £ found ’ ’ that the plot contained only 5,184 square feet, but this ££ finding ” entirely gratuitous, was based upon the exclusion of the driveway area from the calculation. The plot actually contains well over 6,000 square feet when the driveway is included, and the driveway must be included under the definition of the Zoning Ordinance. (§ D-1.3.)
Thus, the reasons advanced by the board to support its conclusion are based upon errors of law and fact. The matter will be remanded to the board for the purpose of making new findings, based upon the amended ordinance, as to whether the applicant has shown practical difficulty and/or unnecessary hardship.