JOSEPH ROTTKAMP et al., Respondents, *v.* JOHN C. YOUNG et al., Appellants.

LOUIS LAMBRAN et al., Respondents, *v.* JOHN C. YOUNG et al., Appellants.

Second Department, June 15, 1964.

*John A. Morhous, Town Attorney* (*George B. Schneider* of counsel), for appellants.

*William J. White* for Joseph Rottkamp and another, respondents.

*Harry Rosenberg* for Louis Lambran and another, respondents.

HOPKINS, J. Since the defendants, by their motion under rule 112 of the former Rules of Civil Practice, challenge the sufficiency of the complaints in these consolidated actions, we accept the allegations of the complaints as true.

The pleadings in substance allege the following facts:

(1) On March 12, 1955, plaintiffs Rottkamp, as landlords, and plaintiffs Lambran and Smirles (together with Chris Dengeles), as tenants, entered into a lease of real property at East Meadow, New York. The lease provided for the erection and maintenance of a diner by the tenants on the demised premises. At the time of the making of the lease the premises were zoned for business use under the zoning ordinance of the defendant town; the operation of a restaurant was permitted as a business use.

(2) On May 2, 1955, the tenants submitted an application to the defendant Young, the Building Inspector of the defendant town, for the erection of a diner on the premises. The defendants " carelessly, negligently, wrongfully, willfully, illegally and arbitrarily in contravention of the Town of Hempstead Building Zone Ordinance, as it then existed, and the constitutional rights of the plaintiffs," failed and refused to issue the permit. Instead, plaintiffs were advised that a permit would not be issued until an application was made to the Town Board. The plaintiffs then applied to the Town Board, before which a hearing was held on June 28, 1955. On August 25, 1955, the application was denied.

(3) The plaintiffs thereupon, pursuant to article 78 of the former Civil Practice Act, instituted a proceeding in the Supreme Court, Nassau County. On December 1, 1955 the Special Term made its order in the proceeding, directing the defendants to issue the building permit (see *Matter of Dengeles* v. *Young,* 1 Misc 2d 692). On December 5, 1955, the defendants appealed to this court from that order. Thereafter, the defendant town amended its zoning ordinance by excluding a diner as a permitted use on the premises, effective June 12, 1956. The appeal was argued on January 3, 1957. The court, on March 11, 1957, reversed the Special Term, with the following memorandum

decision (3 A D 2d 758) : " In a proceeding to direct the chief building inspector of the Town of Hempstead to issue a building permit, the appeal is from an order directing issuance of the permit forthwith. Order reversed, without costs, and proceeding dismissed, without costs, and without prejudice to any action or proceeding which respondents might be advised to institute, based on the grounds that appellant willfully refused to grant the permit, and misled and hindered respondents (see *Matter of Dubow* v. *Ross,* 254 App. Div. 706). Respondents were entitled to issuance of the permit by the building inspector as a matter of right when they applied for it and also at the time of entry of the order appealed from. The order appealed from was therefore proper when made. However, the right to a permit did not vest, and this appeal must be decided upon the law as it now exists (*Matter of Boardwalk & Seashore Corp.* v. *Murdock,* 286 N. Y. 494). The building zone ordinance, as amended since the entry of the order appealed from, prohibits the issuance of the permit applied for without application to the board of appeals, which is not a party to this proceeding."

(4) As a result of the failure and refusal of the defendants to issue the building permit, the plaintiffs suffered damages.

In 1883 the Court of Appeals considered the rule to be well settled that " no public officer is responsible in a civil suit for a judicial determination, however erroneous or wrong it may be, or however malicious even the motive which produced it." (*East River Gas-Light Co.* v. *Donnelly,* 93 N. Y. 557, 559.) The rule, as expressed, has a long and respected vintage (cf. *Rochester White Lead Co.* v. *City of Rochester,* 3 N. Y. 463, 466; *People ex rel. Coughlin* v. *Gleason,* 121 N. Y. 631, 635; *Erving* v. *Mayor, etc. of City of N. Y.,* 131 N. Y. 133, 138; *Weaver* v. *Devendorf,* 3 Denio 117; *Youmans* v. *Simmons,* 7 Hun 466; 2 Cooley, Torts [4th ed.], § 313, pp. 428–433). Under the rule a distinction is drawn between a ministerial or nondiscretionary act from which liability ensues if done wrongfully, and a judicial or discretionary act for which the public officer is immune from liability even if the act is wrongful (2 Harper and James, Law of Torts, § 29.10, pp. 1638–1646; Prosser, Torts [2d ed.], § 109, pp. 780–783).

Though the rule has been criticized, we think that sound reasons of public policy underlie it. To fasten responsibility for damages on a public officer for the exercise of judgment or discretion in favor of one disappointed by the result " would dampen the ardor of all but the most resolute, or the most irresponsible, in the unflinching discharge of their duties "

(*Gregoire* v. *Biddle,* 177 F. 2d 579, 581). In weighing the balance between the effects of oppressive official action and vindictive or retaliatory damage suits against the officer, we think that the public interest in prompt and fearless determinations by the officer, based on his interpretation of the law and the facts before him, must take precedence. A public officer, haunted by the specter of a lawsuit, may well be subject to the twin tendencies of procrastination and compromise to the detriment of the proper performance of his duties (cf. *Kendall* v. *Stokes,* 44 U. S. 87; *Spalding* v. *Vilas,* 161 U. S. 483; *Yaselli* v. *Goff,* 12 F. 2d 396, affd. 275 U. S. 503).[1]

We turn, then, to the decisive question whether the refusal of the defendant Young in his capacity as Building Inspector was a discretionary act or a ministerial act. We need not distinguish with precision the character and quality of the act which marks it as discretionary rather than ministerial. Each case must be decided on the circumstances involved, the nature of the duty, the degree of responsibility resting on the officer, and his position in the municipality's table of organization. It must still be true that discretion is indicated if the powers are " to be executed or withheld according to his own view of what is necessary and proper " (*Mills* v. *City of Brooklyn,* 32 N. Y. 489, 497; cf. *People* v. *Kuder,* 93 Cal. App. 42, 54–55). In other States the decision of a Building Inspector in the course of his duties has been held to be discretionary, and not subject to liability (cf. *Roerig* v. *Houghton,* 144 Minn. 231; *Miller* v. *Foster,* 244 Wis. 99; *Lindemann* v. *City of Kenosha,* 206 Wis. 364; *Rehmann* v. *City of Des Moines,* 204 Iowa 798; *Kramer* v. *City of Jefferson,* 233 Mo. App. 685; *Clinard* v. *City of Winston-Salem,* 173 N. C. 356; *Knapp* v. *City of Newport Beach,* 186 Cal. App. 2d 669; *White* v. *Brinkman,* 23 Cal. App. 2d 307; *Baker* v. *Mueller,* 127 F. Supp. 722, affd. 222 F. 2d 180).

We think that the action of the defendant Young in determining, albeit erroneously, that the plaintiffs were not entitled to a building permit for the erection of a diner, was discretionary and quasi-judicial in character. This determination necessarily involved the construction of the zoning ordinance and a consideration of the facts before him — an act which a building inspector must perform as part of his responsibilities (cf. *Matter of Westchester County S. P. C. A.* v. *Mengel,* 292 N. Y. 121; *Matter of Flanagan* v. *Zoning Bd. of Appeals,* 2 Misc 2d

---

1. An exception is made when the right of an elective franchise is denied (*Schwartz* v. *Heffernan,* 304 N. Y. 474), and perhaps for the abrogation of civil rights (cf. *Francis* v. *Lyman,* 216 F. 2d 583).

922, affd. 1 A D 2d 979; *Matter of Drucker* v. *Frisina,* 31 Misc 2d 469).

Zoning is now an accepted and widespread method of the municipality in guarding against the growth of undesirable and destructive uses of property; and the duties of a building inspector are an essential and indispensable part of the process in enforcing the established zoning pattern of the municipality. In this light, we hold that his power to issue a building permit should not be hampered in its exercise by the threat of suit for damages on behalf of an applicant (cf. Davis, Administrative Officers' Tort Liability, 55 Mich. L. Rev. 201).

The liability of the defendant town must be judged by different standards. The common-law immunity of a municipality for the misfeasance of its officers and employees in the performance of governmental functions has been surrendered (*Augustine* v. *Town of Brant,* 249 N. Y. 198, 204–205; *Holmes* v. *County of Erie,* 266 App. Div. 220, affd. 291 N. Y. 798; *Bernardine* v. *City of New York,* 294 N. Y. 361). It is sometimes said that the liability of a municipality is measured by the same rules applicable to the ordinary citizen (*Becker* v. *City of New York,* 2 N Y 2d 226; *Steitz* v. *City of Beacon,* 295 N. Y. 51, 54). But an ordinary citizen is not called upon to make the kind of a decision which an application for a building permit demands; and there still remain some areas of governmental action which cannot be questioned for reasons of policy by individual action (cf. *Weiss* v. *Fote,* 7 N Y 2d 579; *Granger* v. *State of New York,* 14 A D 2d 645; *Rivera* v. *City of Amsterdam,* 5 A D 2d 637; *Lockwood* v. *Village of Buchanan,* 18 Misc 2d 862). The granting or withholding of a building permit is an exercise of sovereign power, for which no liability should fall upon the municipality (2 Antieau, Municipal Corporation Law, § 11.08, p. 34; Ann. 37 A L R 2d 694). We think that the policy considerations which dictate the protection of the public officer from reprisal for a decision unfavorable to an applicant, also dictate the same protection for the municipality whose interests are served by the acts of the officer.

It follows that the order denying defendants' motion for judgment on the pleadings should be reversed; the motion should be granted; and the complaints should be dismissed, without costs.

UGHETTA, Acting P. J. (dissenting). Assuming the factual allegations of the complaints to be true, plaintiffs Rottkamp (in the one complaint) are owners, and plaintiffs (in the companion complaint) are lessees, of a parcel of real estate in

defendant town. Application for a permit to build a diner thereon was willfully refused on May 9, 1955 by defendant Young, who is Manager of the Building Department and Chief Building Inspector of the town, and by the town itself, and thereafter by the Town Board on August 25, 1955.

Despite a Supreme Court order of December 1, 1955 directing Young to issue the permit forthwith (see *Matter of Dengeles* v. *Young*, 1 Misc 2d 692), defendants refused to comply. Instead, the defendant town amended its zoning ordinance on June 12, 1956, so as to exclude a diner as a conforming use (see *Matter of Dengeles* v. *Young*, 3 A D 2d 758).

By reason of the defendants' willful refusals, money damages have resulted.

A public officer's willful denial of a permit so as to stall an applicant until such future time as an amended zoning ordinance can be enacted in order to deprive the applicant of his right to the permit, is misconduct which subjects the public officer to judicial direction to compel him to issue the permit (*Matter of Fairchild Sons* v. *Rodgers*, 242 App. Div. 651, affd. 266 N. Y. 460; *Matter of Calton Ct.* v. *Switzer*, 221 App. Div. 799; *Matter of Dubow* v. *Ross*, 254 App. Div. 706; *Matter of Harris* v. *Coffey*, 6 A D 2d 898).

If defendants here, by their misconduct, willfully deprived the applicants of their rights, as alleged, the defendants should also be held liable for any damages suffered by the applicants as a result of such misconduct (*Robinson* v. *Chamberlain*, 34 N. Y. 389; *Disbrow* v. *Mills*, 62 N. Y. 604). The town no longer has immunity for the consequences of its wrongful acts done in the performance of its governmental functions.

In the light of the facts alleged in the complaints, whether plaintiffs could have acquired a vested right to use the premises for a diner as of the date of the amendment of the zoning ordinance is a question which should be determined on the basis of the proof adduced upon trial.

It should be noted that liability is sought to be imposed upon the defendants here, not because they exercised their discretion erroneously, but because they disobeyed and defied a clear mandate of the court. The element of discretion was in no way involved. Defendants deliberately delayed compliance until they were able to completely circumvent the order by the enactment of the zoning amendment.

A trial should be had so that all pertinent facts may be adduced and developed. There should not be a summary disposition upon the basis of the pleadings.

CHRIST and BRENNAN, JJ., concur with HOPKINS, J.; UGHETTA, Acting P. J., dissents and votes to affirm the order, in opinion in which HILL, J., concurs.

Order reversed, without costs, motion granted, and complaints dismissed, without costs.