Clare J. Hoyt, J.
By a prior decision of this court it was determined that petitioner was entitled to the relief sought unless an amendment to the Zoning Ordinance on June 14,1965, relative to off-street parking requirements prevented the issuance of the building permit. An order entered on that decision referred to Special Term, Part III for hearing and determination of the following issues:
(1) Did the petitioner acquire vested rights prior to the effective date of the alleged amendment to the Zoning Ordinance of June 14,1965?
(2) Did the respondent willfully refuse to issue the building permit to the end that if respondent had acted with reasonable promptness the permit would have been granted so as to enable the petitioner to have acquired a vested interest prior to the alleged amendment of June 14, 1965, to the Zoning Ordinance?
(3) Does petitioner’s off-street parking plan as approved by the Planning Commission comply with the provisions of the alleged amendment of June 14, 1965, to the Zoning Ordinance?
By stipulation of the parties an order was thereafter entered amending the proceedings to designate Peter F. Volkman as Former Acting Commissioner of Public Works of the City of Peekskill and adding Joseph M. Nardello, Acting Commissioner of Public Works of the City of Peekskill as a respondent. Said order further provided that issues previously referred to Special Term, Part III be referred to this court at Special Term, Groshen, New York, for the taking of testimony and submission of proofs on February 10,1966. Such hearing was held and proof adduced.
On the morning of May 19, 1965, petitioner made due and proper application to the respondent Volkman for a building permit, the day after the Planning Commission had approved petitioner’s plans. The petitioner had by this time acquired the property and spent considerable sums of money in demolishing existing buildings, removing trees and debris and readying the site for construction of the shopping center. All of the plans for said construction were prepared and petitioner, which is a general contracting firm, was ready to immediately undertake *508 construction. It appears that had matters proceeded as anticipated, all of the footings and concrete work would have been completed by June 14, 1965.
Had the respondent acted with reasonable promptness the permit would have been granted and petitioner would have acquired a vested interest prior to the alleged amendment to the Zoning Ordinance of June 14,1965, by proceeding with construction in accordance with the approved plans. Had construction commenced, even though it was not completed on the effective date of the amendment, petitioner’s vested interest would have given it the right to proceed according to plan. The willful refusal of respondent to issue the permit is properly subject to order of the court requiring that the permit be issued (Matter of Dubow v. Fandale Realty Corp., 254 App. Div. 706 ; Matter of Fairchild Sons v. Rogers, 242 App. Div. 651; Matter of Calton Court v. Switzer, 221 App. Div. 799).
The resolution of this question in petitioner’s favor entitles it to the relief sought without determining whether petitioner’s plans comply with the amendment to the Zoning Ordinance. A literal reading of said amendment indicates that petitioner’s plans do not comply. However, such amendment was proposed by the Planning Commission at a meeting on May 11, 1965. At this time it determined that action on petitioner’s application be withheld pending a report from a qualified professional engineer as to the effect on storm drainage, sanitary sewage and traffic generated by the proposed development. Thereafter, and on May 18, 1965, the Planning Commission having received the report on these matters approved petitioner’s plans.
It is difficult to see how the Planning Commission intended the literal meaning of the amendment when after recommending its adoption it approved petitioner’s plans which did not comply with such literal meaning. However, it is not necessary for the court to construe this amendment with relation to petitioner’s plans because petitioner acquired vested rights prior to the effective date of the amendment.