Louis B. Heller, J.
In this action for a divorce, plaintiff moves to compel the Conciliation Commissioner to accept for filing a notice of commencement of action. Subdivision a of sec *216 tion 215-c of the Domestic Relations Law, as pertinent here, provides: “ Within ten days after the commencement of an action for divorce, the party plaintiff in snch action shall file with the conciliation bureau in the judicial district where the plaintiff resides, a notice of commencement of such action. ’ ’ (Emphasis supplied.)
Plaintiff alleges that he is a resident of the State of New Jersey and that under such circumstances the direction in subdivision a of section 215-c, to “ file with the conciliation bureau in the judicial district where the plaintiff resides ” is impossible of performance. He has therefore offered such notice for filing with the Conciliation Commissioner in this county where the action has been instituted. The Commissioner states in an affidavit to the court that the statute vests no discretion in him and that he has perforce rejected such filing.
Responsive to the requests of the Joint Legislative Committee which were in part prompted by the recommendations of this court, subdivision a of section 215-c has been amended to provide, as applicable here, that the plaintiff in such an action shall file a notice of commencement ‘ ‘ with the conciliation bureau in the judicial district where the action is pending” (L. 1968, ch. 706).
Unfortunately the effective date of this amendment is September 1,1968. However, I see no adequate reason for denying the plaintiff relief on that account at this time. Patently, the original enactment to the extent that it commanded performance of an impossible act was an absurdity. “ Statutes are to be interpreted worlcably. Hence, as between two constructions of an act, one of which renders it practically nugatory and the other enables the evident purposes of the Legislature to be effectuated, the latter is preferred. * * * The Legislature does not contemplate the leaving of a party without a remedy, and a construction of a statute which would have such an effect is to be avoided.” (McKinney’s Cons. Laws of N. Y., Book I, Statutes, § 144.) “ To avoid an absurd construction of a statute, an exception may be recognized therein in a proper case, and courts will reject the literal meaning of words to conserve the spirit and intent of an act over the mere letter.” (McKinney’s Cons. Laws of N. Y., Book I, Statutes, § 145; see, also, Westchester County Soc. for Prevention of Cruelty to Animals v. Mengel, 266 App. Div. 151, affd. 292 N. Y. 121).
The application is granted.