■ In the Matter of DYL & DYL DEVELOPMENT CORP. et al., Respondents, v. BUILDING DEPARTMENT OF THE CITY OF YONKERS BY THE ACTING SUPERINTENDENT OF BUILDINGS, Appellant.— In a proceeding pursuant to article 78 of the CPLR, the appeal is from a judgment of the Supreme Court, Westchester County, dated September 3, 1968, which directed appellant immediately to issue a building permit to petitioners. Judgment reversed, on the law, without costs, and proceeding remitted to the Special Term for further proceedings in accordance herewith. In the instant proceeding, no decision was rendered by Special Term in connection with its order directing the issuance of the building permit. There is thus no manner in which we can determine whether in making its order Special Term considered the effect of an amendment to the zoning ordinance passed after the proceeding had been submitted to it but before it issued the order. This amendment would have

prohibited the construction of the apartment house for which the building permit was desired. It is the law that, if a prohibitory ordinance becomes effective prior to the decision of the court on an application for an order directing the issuance of the permit, the court must construe the duty of the building superintendent in accordance with the provisions of the newly effective ordinance and not in accordance with the provisions of the ordinance which prevailed at the time the application for the permit was filed (2 Rathkopf, Law of Zoning and Planning, ch. 57, § 14; *Matter of Boardwalk & Seashore Corp.* v. *Murdock*, 286 N. Y. 494; *Matter of Dengeles* v. *Young*, 3 A D 2d 758). We are therefore of the opinion that the proceeding should be remitted to the Special Term to enable it to render a decision in keeping with that principle. Upon the remand, petitioners should be given an opportunity to prove their claim that appellant willfully withheld and refused to issue the permit and, in addition, misled and hindered them, to the end that, if he had acted with reasonable promptness, their permit would have been granted and they could have conducted their business so as to acquire a vested right prior to the amendment of the zoning ordinance (cf. *Matter of Dubow* v. *Ross*, 254 App. Div. 706; *Matter of Claremont Gardens* v. *Barker*, 282 App. Div. 1069; *Matter of Suffolk Pines* v. *Harwood*, 10 A D 2d 867; *Matter of Harris* v. *Coffey*, 14 Misc 2d 916, affd. 6 A D 2d 898; *Matter of Roto Realty* v. *Volkman*, 49 Misc 2d 506). Brennan, Acting P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.