■ In the Matter of RICHMONDTOWN BUILDERS, INC., Respondent, v. CITY OF NEW YORK et al., Appellants.— In a proceeding pursuant to article 78 of the CPLR, the appeal is from so much of a judgment of the Supreme Court, Richmond County, dated May 13, 1969, as directed appellants to test certain sewage disposal systems on petitioner's property pursuant to regulations obtaining prior to November 1, 1967. Judgment reversed insofar as appealed from, on the law, with costs, and petition dismissed. The findings of fact below have not been affirmed. Petitioner, the owner of seven lots upon which it seeks to construct one-family homes, alleges, in essence, that the appellant Department of Health unreasonably refused to conduct the tests upon its property which were a prerequisite to obtaining permits for the installation of septic tank systems and that during the period its applications for such permits were pend-

ing more stringent test requirements were enacted by the department. Petitioner seeks to compel the issuance of permits pursuant to the regulations as they existed at the time the applications were filed. In our opinion, no valid basis has been shown for the relief requested. It is not seriously disputed that the department's revised regulations constitute a reasonable exercise of the police power. Under the circumstances, petitioner does not possess a vested right which may be asserted against those regulations (see *Hadacheck* v. *Sebastian*, 239 U. S. 394; *Queenside Hills Co.* v. *Saxl*, 328 U. S. 80). We are of the further opinion that the allegations of the petition are not such as to bring the case within the rule expressed in *Matter of Dubow* v. *Ross* (254 App. Div. 706). Christ, Acting P. J., Rabin, Hopkins and Brennan, JJ., concur; (Beldock, P. J., deceased).