■ MICHAEL MIKAELIAN, as Father and Natural Guardian of VIRGINIA MIKAELIAN, et al., Appellants, v ANTHONY ACCURSO et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County, entered November 9, 1977, as awarded the infant plaintiff only $30,000. (The jury verdict in favor of the infant was originally $36,000, but was reduced by one sixth based upon said plaintiff's failure to mitigate her damages by use of a seat belt.) Judgment reversed insofar as appealed from, on the law, the second decretal paragraph thereof is deleted, and, as between the infant plaintiff and defendants, the action is severed and a new trial is granted, with respect to the issue of damages sustained by said plaintiff, with costs to abide the event, unless within 20 days after service upon defendants of a copy of the order to be made hereon together with notice of entry thereof, defendants shall serve and file in the office of the clerk of the trial court written stipulations consenting to increase the verdict in favor of said plaintiff to $65,000, less one sixth, in which event the judgment as so increased and amended is affirmed insofar as appealed from, without costs or disbursements. In our opinion, the award of damages was inadequate in view of the nature and extent of the injuries sustained by the infant plaintiff. The trial court's charge on mitigation was proper and the jury's conclusion that one sixth of the injuries had resulted from the infant plaintiff's failure to use a seat belt should be reapplied to the new award. Titone, J. P., Mangano, Rabin and Gibbons, JJ., concur.

■ 154 EAST PARK AVENUE CORP. et al., Appellants, v CITY OF LONG BEACH et al., Respondents.—In an action (1) to permanently enjoin defendants from preventing plaintiffs from reconstructing certain premises and (2) for money damages, plaintiffs appeal from so much of (1) a purported order of the Supreme Court, Nassau County, dated June 23, 1978 (which, in fact, is a decision) and (2) a judgment of the same court, entered thereon on June 30, 1978, insofar as they denied his claim against defendants for money damages. Appeal from the decision dismissed, without costs or disbursements. No appeal lies from a decision. Judgment affirmed insofar as appealed from, without costs or disbursements (see *Rottkamp v Young,* 21 AD2d 373, affd 15 NY2d 831). Hopkins, J. P., Titone, Gulotta and Cohalan, JJ., concur.