OPINION OF THE COURT
Beatrice S. Burstein, J.
Defendant Town of Oyster Bay (the Town) seeks judgment dismissing plaintiffs’ complaint as against it, pursuant to CPLR 3212, on the ground it fails to state a cause of action. The Town contends that even if plaintiffs’ allegations are proven, liability against it will not lie as a matter of law. This requires the court to decide an issue of apparent first impression in New York, specifically, whether a municipality can be held liable for malicious criminal prosecutions based upon informations filed by its building inspector.
In their complaint plaintiffs allege, in relevant part, that the Town commenced separate criminal proceedings, each of *296 them in District Court, Nassau County, accusing them of identical violations of the Oyster Bay Code of Ordinances; that the criminal prosecutions were dismissed by the court on the ground no violations existed; and that the Town acted out of malice, with the intent to harm plaintiffs and with a reckless disregard for the facts, which if known, would have caused the Town to know the charges were false.
Annexed to plaintiffs’ verified bill of particulars are copies of two affidavits of the Town’s building inspector which formed the bases for the two criminal informations filed. These demonstrate that the prosecutions at issue were based upon allegations made by the building inspector in the course of the performance of his official duties.
In Rottkamp v Young (21 AD2d 373, affd 15 NY2d 831 [1965]) the Appellate Division held that a building inspector who refused to issue a building permit was immune from suit because his act was discretionary. Distinguishing discretionary from ministerial acts, the Appellate Division noted (at 376) that "[e]ach case must be decided on the circumstances involved, the nature of the duty, the degree of responsibility resting on the officer, and his position in the municipality’s table of organization. It must still be true that discretion is indicated if the powers are 'to be executed or withheld according to his own view of what is necessary and proper’.”
In citing the aforesaid language favorably, and discussing the difference between discretionary and ministerial acts, the Court of Appeals concluded "the rule to be derived from the cases is that discretionary or quasi-judicial acts involve the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result.” (Tango v Tulevech, 61 NY2d 34, 41 [1983].)
The court in Tango (supra) held that even bad faith or malice in the performance of her duties by a supervisor of the in-take unit of the Probation Department of the County of Rockland could not form the basis for a complaint under the circumstances. This was so because the supervisor was "exercising her judgment in determining the proper conduct of her office” and these acts were discretionary in nature. (Tango v Tulevech, supra, at 42.) In so holding the court specifically stated it was refusing to reconsider the rule set forth in Rottkamp v Young (supra).
Consequently the only issue before this court now is *297 whether the investigations performed by the building inspector and the preparation and filing of his affidavits were discretionary or ministerial acts. There are no cases in New York dealing with this issue.
However, other courts have held that the official acts of building inspectors which formed the bases for the criminal prosecutions of others are discretionary. In White v Brinkman (23 Cal App 2d 307, 73 P2d 254 [1937]), plaintiff asserted that building inspector Brinkman maliciously, falsely and baselessly verified a complaint charging plaintiff with a misdemeanor. Brinkman filed a demurrer to the complaint, which the appellate court sustained, affirming the dismissal of the action against Brinkman by the lower court. In so doing, the appellate court held that part of the duty of the building inspector would be to see that the requirements of the building ordinances were being observed, and in determining there was such a departure from the ordinance as to constitute a misdemeanor, the building inspector would be performing a quasi-judicial function, which would exempt him from civil liability. This case was favorably cited by the Appellate Division in Rottkamp v Young (supra).
Springfield v Carter (175 F2d 914 [8th Cir 1949]) involved, inter alia, a claim that a building inspector who testified falsely at a criminal prosecution regarding his inspection of the accused’s premises should be held liable in a civil action for damages for malicious prosecution. The court, finding there were no Arkansas cases exactly on point, assumed the law of Arkansas to be "in harmony with the law in other jurisdictions” (Springfield v Carter, supra, at 918) and held that it is against public policy to allow such a cause of action against public officers acting within the scope of their official duties. The duties at issue, it noted, involved the exercise of discretion.
In New York a building inspector is charged with the enforcement of the town’s zoning ordinance. (Town Law § 138.) Such an inspector has the power to enjoin violations (Willits v Quinto, 225 NYS2d 301 [Sup Ct, Suffolk County 1962]; Town Law § 138; Building Zone Ordinance, Town of Oyster Bay, art I, § 17), institute criminal proceedings (Town Law § 138; Building Zone Ordinance, Town of Oyster Bay, art I, § 18) and designate employees to issue summons or appearance tickets relating to the enforcement of town ordinances (Local Laws, Town of Oyster Bay, subpart 42, § 1).
*298 This review of the Town Law and the Local Laws of the Town of Oyster Bay reveals that a building inspector in the Town acting in his official capacity would be required to exercise discretion in interpreting and acting upon the ordinances he was to enforce. Accordingly, the inspector could not be liable for malicious prosecution. Consequently, liability will not lie against the Town, his employer.
Therefore, the Town is granted judgment dismissing so much of this action as is against it.