■ BARRY SPITZ et al., Appellants, v JOSEPH LOEFFLER, SR., et al., Respondents.—In an action to recover damages based upon abuse of process, the plaintiffs appeal from an order of

the Supreme Court, Suffolk County (Doyle, J.), entered June 15, 1989, which granted the defendants' motion to dismiss the complaint for failure to state a cause of action.

Ordered that order is affirmed, with costs.

The complaint asserted that the defendants, the Chief of Police and the former Mayor of the Village of Ocean Beach, respectively, committed abuse of process when they maliciously conspired to serve the plaintiffs with a summons for an alleged violation of the Village Zoning Code of Ocean Beach. The defendants maintain that the decision to issue the summons was discretionary and entitled to absolute immunity and that in any event, the complaint fails to state a cause of action to recover damages for abuse of process. We agree.

It is well established that determinations by public officials involving an exercise of discretion or expert judgment in policy matters are deemed quasi-judicial in nature, and accorded absolute immunity from liability (see, *Haddock v City of New York,* 75 NY2d 478; *Tango v Tulevech,* 61 NY2d 34, 40; *Rottkamp v Young,* 15 NY2d 831, *affg* 21 AD2d 373). The defendants' decision to serve the plaintiffs with an appearance summons was discretionary, since it was a reasoned judgment which could typically produce different acceptable results (see, *Haddock v City of New York, supra; Tango v Tulevech, supra; Rottkamp v Young, supra).* Hence, the defendants are absolutely insulated from liability. Lawrence, J. P., Eiber, Rosenblatt and Miller, JJ., concur.