■ OMABUILD USA No. 1, INC., Appellant, v STATE OF NEW YORK et al., Respondent. [615 NYS2d 424] —In a claim to recover damages against the State, the claimant appeals from an order of the Court of Claims (Silverman, J.), entered November 18, 1991, which dismissed the claim for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

Contrary to the appellant's contentions, the Court of Claims properly dismissed its claim. The decision of the New York State Department of Environmental Conservation to accept the application of the Town of East Hampton for "lead agency" status pursuant to the New York State Environmental Quality Review Act (hereinafter SEQRA) was a discretionary determination *(see generally,* 6 NYCRR 617.6). Thus, the State was protected from liability, notwithstanding the statutory waiver of immunity embodied in Court of Claims Act § 8 *(see, Rottkamp v Young,* 21 AD2d 373, *affd* 15 NY2d 831; *Tango v Tulevech,* 61 NY2d 34; *Burgundy Basin Inn v State of New York,* 47 AD2d 692).

We note that time limits for SEQRA review are directory, not mandatory *(see, Matter of Seaboard Contr. & Material v Department of Envtl. Conservation,* 132 AD2d 105, 108; *Matter of Sun Beach Real Estate Dev. Corp. v Anderson,* 98 AD2d 367, 376, *affd* 62 NY2d 965; *see, e.g., Matter of Grossman v Rankin,* 43 NY2d 493, 501). Therefore, even if the Town's request for lead agency status was submitted two days after the comment period closed, the DEC was not required to reject the request as a matter of course.

The statements made by a DEC employee at a hearing before the Zoning Board of the Town of East Hampton were similarly privileged *(see, Toker v Pollak,* 44 NY2d 211; *Wiener v Weintraub,* 22 NY2d 330; *Herzfeld & Stern v Beck,* 175 AD2d 689; *see, Allan & Allan Arts v Rosenblum,* 201 AD2d 136), and therefore the claims against the State stemming from his testimony are unavailing *(see, Goldberg v Penny,* 163 AD2d 352, 354; *Tango v Tulevech,* 61 NY2d 34, *supra; Rottkamp v*

*Young,* 21 AD2d 373, *affd* 15 NY2d 831, *supra).* Balletta, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.