Charles Lambiase, J.
Defendant now owns and since January 3,1965 has owned and at all times herein mentioned has resided on premises built in 1956 and known as No. 201 Butler Drive, in the Town of Henrietta, New York; and it is alleged by the plaintiff that in the use which he is making of such property he is violating the Zoning Ordinances of said town.
It is alleged by plaintiff that defendant has, since his purchase of said property, used and is now using the same as a boarding or rooming house in violation of the uses permitted of property in the area, viz., in an area zoned Residential AA & A District, as specifically set up and provided for under Zoning Ordinances of the Town of Henrietta, New York, adopted June 2, 1954, as amended, which now are and at all times herein mentioned were in full force and effect as thus amended from time to time.
Plaintiff in its complaint demands judgment as follows:
“ 1. That the court shall determine the proper application and effect of the Zoning Ordinance of the Town of Henrietta as to the facts of this action and shall adjudicate the interpretation and effect of the ordinances and as to whether the defend *863 ant’s premises herein described are being used in violation of the Zoning Ordinance of the Town of Henrietta, and that the court shall make a declaratory judgment declaring the rights of the parties as provided in the Civil Practice Law and Rules with reference to said matters.
“ 2. That the defendant, and his agents, employees, assigns, and successors in interest be perpetually enjoined and restrained from keeping, maintaining, and operation and using the premises described in the complaint for a boarding house or rooming house or similar uses and from using said premises for any purpose whatsoever except those set forth in Article Five, Residential Districts, Uses Permitted, in the AA and A District, as the same is defined in the Zoning Ordinance of the Town of Henrietta, and for such other and further relief as to the court may seem proper, together with the costs of this action.”
Defendant denies the allegations of the complaint as to any violation; admits that he has not obtained a certificate of occupancy or special permit or variance for the use which he is making of the property; alleges that the use he is making of the same conforms in all respects with the effective Zoning Ordinances of the Town of Henrietta, and if required he is entitled to an appropriate certificate of occupancy or other permit or variance as may be required by said ordinances; and asserts that with respect to him and to said premises, the alleged Zoning Ordinances of the town are void and unconstitutional and therefore unenforcible, and he demands judgment in his answer:
“ 1. That the Court shall determine that the use made by the defendant of the subject premises conform in all respects to the zoning ordinances of the Town of Henrietta, and that the defendant does not in any way violate the said ordinances.
‘ ‘ 2. That in respect of the subject premises owned by the defendant herein, the zoning ordinance of the Town of Henrietta is unconstitutional in that it is vague, indefinite, uncertain, and failed to properly inform and advise the defendant herein of the permitted or prohibited uses affecting the subject premises.
“ 3. That in the event the Court shall determine the defendant violates the said zoning ordinances of the Town of Henrietta, that the plaintiff is not entitled to the permanent relief sought in the complaint on the grounds that such relief would prevent and prohibit the defendant from resorting to the provisions of the Town of Henrietta zoning ordinance allowing a variance from the stated or permitted uses.
“ 4. Dismissing the complaint of the plaintiff herein together with the cost and disbursements of this action.”
*864 We have concluded that defendant’s position is untenable.
In January, 1964 defendant purchased the premises in question and has lived there ever since. He is a bachelor and has always had living with him at said premises from three to seven young men whom he testified were bachelors also with the exception of one who is married. These men, who have not always been the same persons, have been and are men quite similar in occupations who now contribute and have contributed, since their coming to live there, their aliquot share with defendant: for the upkeep and maintenance of the property including payments on principal and interest on the indebtedness against the property, taxes, insurance and other going expense; for the interior furnishing thereof the same being accomplished on an installment rental plan; for the cost of food required; for the cost of regular and periodic entertainment of the group including ofttimes the participation of outside guests; for the regular and periodic purchases of beer; and for the special purchases of articles of personal property for the house. Basically each member of the group, including defendant, pays $75 per month to the defendant toward the foregoing expenses and also an equal part of any remaining expense deficiency after the application of said basic payment. At the time of the trial, two of the persons living in the house were making no payments, one being defendant’s brother, defendant’s only relative in the group now or at any time mentioned herein, and the other being a female part-time domestic.
Presently defendant shares the house with the others, presumably with undivided interest in some parts and with exclusive use in bedroom space. He mans the house and acts generally as purveyor and general factotum, although the others, in a limited way from time to time, make purchases and act for the group in matters of common interest. There is apparently no immediate profit to defendant for the furnishing and procurement of food. Title to the house and lot now is and at all times mentioned has been in defendant’s sole name, and the same and all equities or assets owned by the group are to remain the property of the defendant when, if and as the arrangement under which it is residing together ceases to exist. Defendant has and keeps on the premises four automobiles; three of them are in running condition and the fourth not being in running order. There are, furthermore, usually three additional cars belonging to the others of the group on the premises, making in all seven automobiles.
Pertinent to our discussion are the following provisions of the Zoning Ordinances:
*865 The Preamble thereto recites in pertinent part that:
“Be it Resolved, Ordained, and Enacted that the existing Zoning Ordinance of the Town of Henrietta, in Monroe County, New York, adopted June 2nd, 1954, as amended, be and it hereby is further amended to read as follows and that the changes and amendments in existing land use districts of said Town hereinafter stated be made and adopted: viz:
‘ ‘ An Ordinance to promote the public health, safety, morals and general welfare of the residents of the Town of Henrietta by regulating and restricting the height, number of stories and size of buildings and other structures, the percentage of lot that may be occupied, the size of yards, courts and other open spaces, the density of population and the location and use of buildings, structures and land for trade, industry, residence or other purposes in the Town of Henrietta and for said purposes dividing the Town into Districts.” (Emphasis supplied.)
‘ ‘ article rv
General Provisions Applicable to all Districts
§ 39-5. Application of regulations.
Except as herein provided:
(a) No building or land shall hereafter be used or occupied, and no building or part thereof shall be erected, used, moved, reconstructed, changed, or altered unless in conformity with the regulations of this ordinance.
(b) No building shall hereafter be erected or altered: * * *
(3) To accommodate or house a greater number of families * * *
(5) * * *
than is specified herein for the district in which such building is located. ’ ’
11 ARTICLE V
Residential Districts
§ 39-6. Uses permitted.
(a) A A and A District:
(1) Single family dwelling.”
‘1 ARTICLE II
Definitions
§ 39-2. Definitions.
For the purposes of this ordinance, certain terms and words used herein shall be interpreted or defined as follows: * # *
boarding house — Any dwelling in which more than three (3) *866 persons, either individually or as families, are housed or lodged for hire, with or without meals. A rooming house or a furnished-room house shall be deemed a boarding honse.”
For use of property for such purposes, provision is specifically made under subdivision (b) of section 39-6 of article V, B Districts (3), of said Zoning Ordinances.
While the words “single family dwelling ” are not defined in the subject ordinances, the word “ family ” has been defined broadly “as a collective body of any two persons living together in one house as their common home, for the time ”. (Matter of Barnes, 149 Misc. 149, 153.) And we do not mean to suggest the word “ family ” in its broad sense may not include persons boarding or lodging in the house. (Kalb v. Mayer, 164 App. Div. 577.) However, there is authority that: “The word 1 family ’ is used in various significations, some more restricted, others more extended, the general scope and purview of the statute or of the will having to be considered in each case. It is used to indicate, first, the whole body of persons who form one household, thus including also servants; second, the parents with their children, whether they dwell together or not; and third, the whole group of persons closely related by blood.” (Norwegian Old People’s Home Soc. v. Wilson, 176 Ill. 94, 99.)
The purpose of the Zoning Ordinances is stated in the preamble which we have hereinbefore set forth. The restrictions on the use of property imposed by the Zoning Ordinances may not be extended by any administrative board or judicial tribunal in order to exclude a use which in its opinion should have been excluded in order to effectuate the purposes set forth in the preamble, nor may we give a strained meaning to the words of the ordinance in order to effectuate its purpose better. Nonetheless, we read this ordinance, as we read all statutes or ordinances, in the light of its expressed or apparent purpose in order to determine the meaning of its language and to avoid thwarting the intent of the legislative body as expressed in that language. (Westchester County S.P.C.A. v. Mengel, 292 N. Y. 121.) So read we conclude that the language of the permissive occupation of such property as a “ single family dwelling ’ ’ under the Zoning Ordinances cannot properly be construed as intended to sanction the use thereof as being made by defendant under the collective economic arrangement shown by the proof. Insofar as it is urged and argued by defendant that he and his associated group constitute a “ single family” (City of Syracuse v. Snow, 123 Misc. 568), and that under the circumstances disclosed by the record he is not conducting a boarding or rooming house as charged within the meaning of the subject *867 Zoning Ordinances, we are not thus persuaded. It seems to us that defendant’s actual status or service is similar to a hoarding house keeper, and that he has been such at all times notwithstanding the ingenious form of his economic arrangement. Considering the ordinary and commonly accepted meaning of the term “ single family dwelling ”, “ in the light of the obvious objectives of the Zoning Ordinance, such an approach is unrealistic and without merit.” (City of Schenectady v. Alumni Assn., 5 A D 2d 14, 15.)
We could terminate this memorandum at this point, but we feel that we must say this before concluding. Defendant purchased a house, the building permit describing its projected use to be that of a “ residence ”, and it was conveyed to him by warranty deed which is set forth on Schedule A of plaintiff’s Exhibit 5 (Abstract). Said Schedule A sets forth among other things, said conveyance as having been made to defendant “Subject to: All easements, covenants and restrictions of record.” The records in Monroe County Clerk’s office disclose a Certificate of Restrictions dated May 15, 1956, the provisions of which are common to and binding upon the subject property, as being recorded in Liber 3033 of Deeds at page 442. Among the restrictions pertinent to our inquiry therein set forth, which restrictions are numbered herein as in said document numbered, are:
“ 1. All of the said lots in the tract shall be known and described as residential lots. No structure shall be erected, altered, placed or permitted to remain on any of the said lots other than one single family dwelling not to exceed two stories in height and a private garage for not more than three cars. * # *
“5. No noxious or offensive trade or activity shall be carried on upon any lot nor shall anything he done thereon which may be or become an annoyance or nuisance to the neighborhood. * # *
“7. These covenants shall run with the land and shall he binding on all grantees of the land herein until January 1, 1976 at which time said covenants shall be automatically extended for successive periods of ten years unless, by a vote of a majority of the then owners of the lots, it is agreed to change the said covenants in whole or in part. ’ ’
It would seem that defendant made the purchase of the property and took title subject to the foregoing restrictions among others; and that the zoning classification by the Town of Henrietta of said property as set forth in the subject Zoning Ordi *868 nances only follows said restrictive covenants running with the land and coincides with the subdivider’s express intent.
Lastly, the fact that defendant’s plans and expectations have run counter to the ordinances provides no sound basis for his now saying that his constitutional rights have been and are being violated by the Zoning Ordinances.
We conclude:
(1) That the proper application and effect of the Zoning Ordinances of the Town of Henrietta to the facts at hand establish that the defendant’s premises herein described have been used and now are being used in violation of the Zoning Ordinances of the Town of Henrietta, and we do declare it as provided in the CPLR with reference to said matters.
(2) That the defendant his agents, employees, assigns and successors in interest be and they hereby are enjoined and restrained from keeping, maintaining, and operating and using the premises described in the complaint for a boarding house or rooming house or for similar uses, and from using said premises for any purposes whatsoever except those set forth in “article V Residential Districts § 39-6 Uses Permitted, (a) AA and A District ” as the same are set forth in the Zoning Ordinances of the Town of Henrietta.
(3) That the relief herein granted in no way bar the defendant from making such application, as may be provided by law, for a variance for occupancy of the premises for nonconforming use.
(4) That the plaintiff have the costs of this action.