John L. Skinner, J.
This is a prosecution brought by the Village of Sea Cliff for a violation of the Village Zoning Ordinance (art. II, § 2b; art. V, §§ e, h). The village charges that the defendants constitute two families and occupy a dwelling known as 28 Harden Avenue in violation of the ordinance which permits only one-family occupancy. The defendants do not claim that the occupancy is a nonconforming use.
The ordinance in question is dated June 6, 1955 (art. II, § 2b) and that provides: “In a residence district, except as *321 otherwise provided no dwelling shall hereafter be erected, and no dwelling shall be changed, altered, remodeled or converted for use by more than one (1) family. A one (1) family dwelling within the meaning of this section shall be defined as a detached building designed for or occupied exclusively by one (1) family.”
A further amendment to the Village Zoning Ordinance (art. V, §§ e, h) dated April 19, 1960 makes the following definition:
(e) “ A ‘ family ’ is one or more persons occupying a dwelling unit as a non-profit housekeeping unit. More than five persons, exclusive of issue and domestic servants, not related by blood, marriage or adoption, shall not be considered to constitute one family.”
“ (h) A ‘ dwelling unit ’ is a building or entirely self-contained portion thereof containing complete housekeeping facilities for only one family, including any domestic servants employed on the premises and having no enclosed space (other than vestibules, entrance or other hallways or porches) or cooking or sanitary facilities in common with any other ‘ dwelling unit ’. A boarding house, convalescent home, dormitory, fraternity or sorority house, hotel, inn, lodging house, nursing, or other similar structures shall not be deemed to constitute a dwelling unit.”
It is uncontroverted that the defendants occupy the dwelling with their children, one of the defendants having three children and the other having four children. The seven children range in age from about five years to 16 years.
The dwelling is a substantial one on nearly an acre of ground, has six bedrooms, two bathrooms and one kitchen. The testimony of the defendants at the trial on October 27, 1971 was that they had pooled their resources to be able to afford the monthly rental of $350. Admittedly the Skidmore and McClellan families are not related to each other.
The People take the position that the total occupancy by nine persons unrelated by blood is not occupancy by one family, but is a two-family occupancy and accordingly is a violation of the ordinance.
The defendants contend that the summons failed to state a violation; was legally insufficient; that there was no proof that the premises the defendants occupy is a one-family dwelling and that the ordinance is unconstitutional because it discriminates against poor people who would be excluded from residing in Sea Cliff and further that the fine of not less than $25 per day upon conviction of violating the ordinance would result in injustice. The defendants further contend that they are in fact living as a family unit and to limit occupancy to five persons is *322 unconstitutionally arbitrary. The court rejects these defenses. There is ample authority for the village to impose these restrictions which the court finds reasonable.
However, the ordinance specifically provides for the exclusion of issue in measuring one family and so in this case (as in many others in this community) there are merely two individuals who have for economic or other reasons joined forces in occupying a one-family dwelling as a family unit.
Accordingly the complaint is dismissed, but this court would not look with favor upon any extension of the occupancy of this or similar dwellings in the village.