Memorandum bt the Court.
Defendant was convicted of occupying a one-family residence other than as a one-family dwelling, in violation of the City of Rye Building Zone Ordinance.
The premises contain one kitchen, a dining room, a sitting room, 16 bedrooms, 12 bathrooms, and is occupied by 25 people comprising four separate families including children, close relatives, two maids and a monk. All occupants are members of the American Orthodox Catholic Church whose main headquarters are in The Bronx, New York City. Religious instruction is given daily for one hour to the children of the household, and the adults receive instruction three times a week. No religious services are conducted on the premises, and the church maintains no place of worship in the City of Rye.
The premises were purchased by the individual defendant, who retains record title with his wife, and the maintenance and upkeep of the building are shared by the occupants other than the monk, Avok Hakodian. The premises are not tax exempt. Three of the adult male occupants are deacons of the American Orthodox Catholic Church, but were ordained after acquisition and occupancy of the premises, and the head of each household, including the deacons, is gainfully employed on a full time basis during the week.
There are two main permitted uses in an R-4 residence district of the Building Zone Ordinance of the City of Rye, which are as follows:
*1099 “(1) Houses. A single detached residence on its own lot for not more than one family.
“ (2) Religious uses. Churches and other places of worship, including parish houses and buildings for religious instructions.”
A “ family ” is defined as:
“ A single individual living upon the premises as a separate housekeeping unit; or a collective body of one or more persons living together on the premises as a single housekeeping unit in a domestic relationship based on birth, marriage, or other domestic bond.”
In our opinion, the private residence does not constitute a parish house for religious purposes. Even assuming a parish house may constitute a main rather than accessory use within the meaning of the ordinance, the factual situation clearly establishes that the actual or principal use of the building, as found by the court below, is that of a dwelling for residential purposes by more than four families. The mere designation by the church of this private residence as a parish house is not controlling (Slevin v. Long Is. Jewish Med. Center, 66 Misc 2d 312). A parish house is defined as “ an auxiliary building belonging to a church and used for its business, social, or extension activities ” (Webster’s New International Dictionary, 3d ed.). The uncontradicted evidence here is that the building is neither owned nor used by the church, and the incidental religious instruction provided to the occupants does not change this fact.
It is also our opinion, the ordinance is not invalid under the equal protection clause of the Federal Constitution because it restricts occupancy to families based on the relationship of the occupants of the dwelling rather than on the mode in which the house is occupied (see, Borass v. Village of Belle Terre, 476 F. 2d 806; People v. Renaissance Project, N. Y. L. J., June 21, 1973, p. 16, col. 6). The contrary conclusion reached in the cited cases is factually distinguishable. . In Borass there was an evidentiary finding that the ordinance of the Village of Belle Terre, which classified the village into a single residential district, was not substantially related to a legitimate governmental objective. The ordinance of the City of Bye, on the other hand, is not so restrictive, and is zoned into 12 type residential and 7 business use classifications. The scheme of the ordinance indicates the legislation was devised pursuant to a comprehensive plan directly related to the general welfare. Unlike Borass, there is no proof in this record that the classification was de facto *1100 discriminatory or unrelated to the legitimate exercise of police power, and the presumed constitutionality of the ordinance is unrebutted (Levitt v. Incorporated Vil. of Sands Point, 6 N Y 2d 269).
The Renaissance Project case {supra), decided by this court, is also factually different. The homeowner in that case sought to house persons falling under a drug rehabilitation program, a quasi-governmental function. The overriding public policy of providing living accommodations for these individuals takes precedence over the ordinance (cf. Abbott House v. Village of Tarrytown, 34 A D 2d 821), and reliance on the Bor ass decision was not necessary to invalidate the ordinance.
Where, as here, the zoning restriction does not totally exclude occupancy of persons unrelated by blood or marriage ties from all type residential districts, the legislative classification does not deny equal protection. In such case, limitations placed on occupancy to a family comprising persons related by blood or marriage ties are proper, and disguised attempts to evade the restriction by co-operative or communal groups who share living space, cooking facilities, and expenses, may be struck down (see, e.g., Village of Quogue v. Ladd, 40 A D 2d 859; City of Schenectady v. Alumni Assn. of Union Ch., Delta Chi Fraternity, 5 A D 2d 14; People v. Shidmore, 69 Misc 2d 320; Town of Henrietta v. Fairchild, 53 Misc 2d 862).
The judgment should be affirmed.
Hogan, P. J., and Farley, J., concur; McCullough, J., taking no part.
Judgment affirmed.